JANE M. JOHNSTON *v.* GEORGE W. JOHNSTON.

An interlocutory judgment setting aside a writ of sequestration, is one calculated to work an irreparable injury, and consequently may be appealed from.

| 13  581 |
| 46  449 |
| 13  581 |
| 49  342 |
| 13  581 |
| 52 1193 |

APPEAL from the District Court of the Parish of St. Martin, *Voorhies,* J. *Simon & Gary* and *E. Simon, Jr.,* for plaintiff and appellant. *DeBlanc & Fuselier,* for defendant.

COLE, J. Plaintiff instituted this suit against her husband, demanding the administration of her paraphernal property; and setting up many claims against him for money and property received by him during the marriage, and praying also for a writ of sequestration against all of his estate.

The writ issued and his property and that of his wife, under his administration, were sequestered.

On motion, the writ, for various causes, was set aside, and plaintiff appealed.

A motion has been made in this court to dismiss the appeal, on the ground, that there is no appeal from an interlocutory order dissolving a writ of sequestration.

Art. 566 of the Code of Practice provides that: One may likewise appeal from all interlocutory judgments, when such judgments may cause him an irreparable injury.

The Code of Practice entitles a party to the writ for various causes, based upon the hypothesis that he may be deprived of some of his rights and claims upon property. C. P., Art. 275.

If there were no danger of the loss of these rights and claims, there would be no necessity of issuing the sequestration.

When, then, it is set aside, the party may suffer an irreparable injury, and is entitled to an appeal. 12 La. 150; 2 An. 826; 9 An. 120.

Upon the merits, plaintiff has failed to sustain her obligations and affidavit in justification of the issuance of the writ.

The District Judge, in his opinion, remarks· "*Mrs. Johnston's* affidavit is to the effect, that she fears her husband will part with the slaves and movables sequestered during the pendency of this suit. This constitutes *prima facie* evidence of the cause which entitled her to the issuance of the writ under consideration.

It then behooves the defendant to rebut this presumption by showing that it was not his intention to part with these slaves and immovables.

The evidence shows that the defendant has taken by far the greater portion of standing cane for seed for the coming year,; that he is making active preparations for a crop of sugar for next year, and that he has employed an overseer for that purpose.

Finally, that he has selected an overseer, a married man, for the purpose of having the service of his wife in attending to the children that will be sent to the school, which he is on the eve of opening.

I do not consider it of any importance, that the defendant has sold a mare and the undivided half of a stallion named Marshal Ney.

Judgment affirmed, with costs.