NEW ORLEANS, APRIL, 1873. 299

State ex rel. Gay & Co. v. Judge of the Fourth District Court, parish of Orleans.

No. 3904.

STATE OF LOUISIANA ex rel. E. J. GAY & Co. *v.* JUDGE OF THE FOURTH DISTRICT COURT, parish of Orleans.

25  299
52 1193

The case of Block Brothers *v.* Burthe, 20 An. p. 344, which, in the opinion of the judge *a quo*, covers the case at bar in every particular, was determined on the ground that the opponent was properly the defendant and had the right to release by bond, an act which could not be considered as operating an irreparable injury to the appellant.

There seems to be a conflict between the case of Block Brothers *v.* Burthe and that of Duperier *v.* Flanders, 20 An. 29. The court, however, inclines to recognize the doctrine laid down in the latter case, and to follow the principles enunciated in the later case of Dawson *v.* Williamson, 22 An. 535, as controlling.

RULE for a mandamus on Paul Théard, Judge of the Fourth District Court, parish of Orleans, in the case of E. J. Gay & Co. *v.* Eaton & Barstow—B. Bihen and als. intervening. *Race, Foster and Merrick,* for relators. *Breaux, Fenner & Hall,* for intervenors. Judge *Théard, in propria persona.*

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Howe.

TALIAFERRO, J. The relators sequestered ten hogsheads of sugar and sixty-nine barrels of molasses, alleging that they, as the merchants of Eaton & Barstow, sugar planters, furnished them with provisions, supplies and money, to enable them to cultivate their crop of sugar and to gather and prepare it for market, and on that account they have by law, a lien and privilege upon the crop, of which the ten hogsheads of sugar and the sixty-nine barrels of molasses form a part, and which was then within the jurisdiction of the court. They averred that Eaton & Barstow was indebted to them in the sum of $4771 78. They prayed judgment for that amount, with privilege on the property sequestered, etc. Eaton and Barstow answered by general denial. John H. Bihen, who had been the manager of the plantation on which the crop was raised, together with a number of laborers employed in its cultivation, intervened, alleging that the sugar and molasses sequestered were transferred and delivered to them, having been given to them in part payment of their wages, and that they are the absolute owners of the same, and as such had through an agent, who had advanced them $980 in cash upon the property, shipped it to New Orleans to be sold. Eaton & Barstow answered this intervention, admitting the facts stated to be true. These parties intervening were allowed to release the property by giving bond. The plaintiffs, who are the relators, objecting to the order allowing these intervening and opposing parties to give bond, applied for a suspensive appeal, which being refused, the relators applied to this court for a mandamus to the judge of the Fourth District Court to compel him to grant the appeal. To the rule *nisi* the judge answered that his action had been taken in conformity with the decision of this court in the case of Block Brothers *v.* Burthe, 20 An., page 344, which in the opinion of the judge

covers the case at bar in every particular. That case was determined on the ground that the opponent was properly the defendant, and had the right to release by bond, an act which could not be considered as operating an irreparable injury to the appellant.

There seems to be a confliction between the case of Block Brothers *v.* Burthe and that of Duperier *v.* Flanders, 20 An., page 29. We incline, however, to recognize the doctrine laid down in the latter case, and to follow the principles enunciated in the later case of Dawson *v.* Williamson, 22 An., page 535, as controlling.

It is therefore ordered that the rule be made absolute.

NOTE.—The preceding case was decided on the twenty-second of April, 1872, and properly belonged to the Twenty-Fourth Annual. It having not appeared in that volume, it is, at the request of my predecessor, reported in this one.—REPORTER.