State ex rel. Railroad Company vs. Judge.

No. 9193.

THE STATE EX REL. MORGAN'S LOUISIANA AND TEXAS RAILROAD
AND STEAMSHIP COMPANY VS. THE JUDGE OF THE
TWENTY-FIRST JUDICIAL DISTRICT.

While the range of cases in which writs of mandamus may be issued is enlarged by the
grant of supervisory power over inferior courts, it does not follow that that writ may be
invoked always instead of an appeal. It would revolutionize our jurisprudence to hold
that every right that was formerly enforced by appeal and every wrong that was for-
merly redressed by appeal can now be enforced by mandamus when an emergency seems
to require or invite it.

A mandamus will not issue to compel an inferior judge to bond an injunction when he has
refused to dissolve on bond. The remedy is by appeal.

APPLICATION for Mandamus.

*D. Caffery* and *Leovy & Kruttschnitt* for the Relator.

*R. S. Perry* and *Frank D. Chrétien* for the Respondent.

The opinion of the Court was delivered by

MANNING, J. Mrs. Judice has obtained an injunction against the
Morgan Railway, restraining it from constructing a switch through the
town of Jeannerette over a street dedicated to public use by her, the
construction being about to be made under color of an ordinance of the
mayor and council of the town. The Railway Company applied to
bond the injunction and the Judge refused, whereupon the Company
seek by this mandamus to compel him to dissolve the injunction on
bond.

The decisions of this court, that the writ of mandamus will be issued
by it only in aid of its appellate jurisdiction, may now be relegated to
the judicial lumber-room, since the broad conferring upon us of super-
visory powers by the existing Constitution. Many articles of the Code
of Practice, which until then were benumbed, have been quickened
into beneficent life by the wand of that terse and comprehensive pro-
vision.

But while the range of cases in which we may issue this writ is thus
enlarged, it does not follow that it may be invoked always instead of
an appeal. It would revolutionize our jurisprudence to hold that every
right that was formerly enforced by appeal and every wrong that was
formerly redressed by appeal can now be enforced or redressed by man-
damus when an emergency seems to require or invite it.

This court has heretofore refused to compel an inferior judge to grant a writ of injunction. State ex rel. Beebe vs. Judge, 28 A. 905; State ex rel. Padron vs. Judge, 31 A. 794: State ex rel. New Orleans vs. Judge, 32 A. 594; although in a recent case we asserted our power to issue the writ for that purpose under our supervisory jurisdiction, State ex rel. Murray vs. Judge, and the refusal is placed on the ground that grant. ing an injunction is a judicial act, and a mandamus will not lie to coerce judicial discretion.

If granting an injunction be an act involving judicial discretion, it would seem that dissolving an injunction was equally such act. And the more, because it has been held that where the legal requirements have been complied with, the right to an injunction is absolute and the judge is without discretion to refuse it, Beebe vs. Guinault, 29 A. 795, while in the matter of dissolving an injunction the Code expressly declares " the court may in its discretion dissolve the same." Code Prac. art. 307. The language is imperative when provision is made for issuing injunctions—it 'must be granted,' Code Prac. art. 298—but permissive when dissolving upon bond—'the court may dissolve' and use its discretion whether it will or not dissolve. Indeed it has been held that a mandamus will not issue directing an inferior court to dissolve on bond, State ex rel. N. O. & Hav. Lot. Co. vs. Judge, 23 A. 766, but as the relator attacks that decision we preferred to examine the point without reference to that case.

There are numerous cases where a mandamus has been refused because the party has a remedy by appeal. State ex rel. Wise vs. Judge, 32 A. 977; State ex rel. Luminais vs. Judge, 34 A. 1114; et alii ut supra. The relator urges that the remedy by appeal is too slow, and that parties were relegated to that remedy under former Constitutions because of the lack of that supervisory jurisdiction which we now have, and which he conceives to have been given us in order that we may compel an inferior judge to decide as we should decide were the case before us on appeal. ·

This would hew a short road between the lower and the appellate court that would soon be blocked by the crowd of travelling litigants.

In the first case that came before the present court wherein its supervisory power was invoked, an inferior court had granted an injunction against the City based upon the ground that its ordinance was null, and had considered and denied a motion to dissolve, so that this injunction was existing at the moment when the City applied for a counter injunction. The granting of the counter injunction would have had

the same effect as the dissolution of the first.   Held, the refusal to grant the counter injunction was under the circumstances a judicial question proper to be decided according to the conscience of the judge, and the · remedy was by appeal and not by mandamus.   State *ex rel.* N. O. vs. Judge, 32 A. 551.

We do not rule definitively that we will not grant a mandamus whenever there is a remedy by appeal.   We confine ourselves to the point presented in the case at bar.

The writ is refused.