State ex rel. Roth vs. Judge.

## No. 9586.

THE STATE EX REL. C. N. ROTH VS. JUDGE OF THE DISTRICT COURT FOR IBERVILLE.

The dissolution of an injunction on bond is an exercise of the discretionary power vested expressly in the judge by the terms of the Code of Practice. When refused, a mandamus will not lie to compel a dissolution. The remedy is by appeal.

Where partnership property has been sequestered by one of the partners to prevent devastation and irreparable injury by the other partner, and the property remains in judicial custody, this other partner cannot have the sequestration set aside on bond under Art. 279 of the Code of Practice. He is not such defendant as is contemplated by that article. The sequestration is not of his property but of the property of the partnership in which he has only an interest.

A sequestration is indivisible so long as the property to be seized is undivided. The release on bond of one half of each piece of property would leave the other half of each piece in the sheriff's hands, and as that officer could permit no interference with that the release would be a vain act.

When acts of preservation are necessary to be done at once on sequestrated property and the judge has issued an order for their performance, a writ of prohibition will not issue commanding him not to execute that order. The judge's first duty is to preserve property in judicial custody.

APPLICATION for Mandamus and Prohibition.

*David N. Barrow* and *Geo. L. Bright* for the Relator.

The opinion of the Court was delivered by

MANNING, J. The relator alleges that John F. Neely has filed a suit against him in the Iberville court for the settlement of an alleged planting partnership in which Neeley has obtained writs of injunction and sequestration, the first prohibiting the relator and the sheriff from removing or selling any part of the partnership property, and the last sequestering the whole of that property—that he applied to the judge to bond both the injunction and the sequestration and was refused, and hence applies for a mandamus to compel the judge to grant these orders.

He further alleges that in the course of these proceedings the judge has ordered the sheriff to take off or use certain parts of the sequestered property, and that the relator applied for a suspensive appeal from that order and was refused, and hence he applies for a writ of prohibition to prevent the execution of that order.

The partnership is of the Upper Eimea plantation, upon which cane is cultivated, and these writs were issued in October, a time of the year when measures must be taken to manufacture the cane into sugar or the crop will be lost.

4

The respondent judge justified his action in refusing to dissolve the injunction on bond on the ground that it was an exercise of discretionary power vested in him in such cases, and the remedy was by appeal. This ruling was doubtless based on State ex rel. Morgan Railroad v. Judge, 36 Ann. 394, and antecedent cases, and its correctness does not seem to be questioned by the counsel for the relator.

But the counsel maintains that no such discretion is vested in the judge in setting aside sequestrations on bond, but that the relator's right to that remedy is absolute.

The terms of the article would seem to favour that construction—a defendant against whom a mandate of sequestration has been obtained, except in cases of failure, may have the same set aside by executing his obligation, etc.   Code Prac., Art. 279.   But the respondent judge denies that the relator, strictly speaking, is a defendant within the meaning and intent of that article.

The suit of Neeley v. Roth was for the dissolution and settlement of a planting partnership, and the sequestration was of the whole partnership property, embracing the crop and all the implements and appurtenances.   It was undivided, was owned jointly by Neeley and Roth, and each was half owner of every piece and part thereof.   The sequestration was indivisible so long as the property was undivided.   If Roth had been permitted to bond his moiety of each piece of the sequestered property, the other moiety must have remained in the sheriff's hands, and that officer could not have permitted any interference with that, so that setting aside the sequestration of Roth's moiety would have been an idle act.

Besides, the sequestration was not of Roth's property but of the property of a partnership in which he had only an interest, and therefore the judge was quite correct in saying Roth was not such defendant as the Code of Practice contemplated in the article.   The execution of the bond under that article would not have entitled him to the possession of Neeley's half of the partnership effects, so that to have granted the order demanded would have been to maintain the sequestration in part and to set it aside in part in relation to each several piece of property. And as granting the order would not have entitled Roth to the possession of the whole partnership property, the only alternative was to refuse it in its entirety.

Besides, and we emphasize this feature, the ultimate object of this suit was to compel a judicial liquidation of the partnership.   The appointment of a receiver was prayed, and thus the partnership effects were to be taken out of the hands of either partner and put directly in

the control of an officer of the court. It does not appear that the property was in Roth's sole possession, his partner Neeley being also on the premises.

Another consideration applicable to this case enforces this view. The petition for a sequestration charges Roth with acts of vandalism on the Upper Eimea plantation, among which are the wanton and malicious destruction of ornamental and shade trees, thus exhibiting a fixed and malicious purpose to irreparably injure his co-owner.

The object of the sequestration, or one of its objects, was to prevent this devastation, whereby not only particular pieces of property were destroyed but the whole property was irretrievably deteriorated and its value as a whole was lessened. The sequestration was therefore an auxiliary writ to the injunction, and both were necessary to complete Neeley's remedy. The refusal to dissolve the injunction on bond would have been useless to him if the sequestration had been set aside, and the judge saw that if he had refused the one order and granted the other he would have been holding to the applicant fruit that instantly turned to bitter ashes.

The refusal of a suspensive appeal from the order directing the sheriff to take off the crop was simply a refusal to permit interference with the custodian of the property in doing what was absolutely essential to its preservation.

The time within which a crop of cane can be converted into sugar is short in our climate. The manufacture of sugar is subject to manifold interruptions and accidents, and is precarious under the most favourable circumstances. The whole of the cane crop on this plantation was in the legal custody of the sheriff in October, and the order to that officer to do what must be done then or could not be done at all, was simply a command to him to preserve what was perishable in the only way in which that particular perishable thing could be preserved. To have granted a suspensive appeal from such order would have paralyzed the authority of the sheriff, destroyed the property of the applicant for the writs and of the partnership and its creditors, and given over the whole subject of litigation to the caprice of the appellant. It was preeminently the duty of the court to require its executive officer to preserve the property in his custody, and which the court had required to stay in his custody when it refused to dissolve the one writ and set aside the other on bond. The object of the writ of prohibition was to prevent the execution of an order that the court was bound to make and have executed.

The application for the writs is refused at the costs of the relator.