Eltringh'am vs. Clarke and Pringle.

## No. 12,355.

### A. ELTRINGHAM VS. R. T. CLARKE AND R. W. PRINGLE.

The law recognizes that the order setting aside a sequestration on defendant's bond, resulting in compelling the resort by plaintiff to another suit for relief, or in other respects changing his position to his prejudice, may work irreparable injury, and is appealable, and to this class belongs the order to dissolve on bond the plaintiff's writ of sequestration issued to hold the property of a corporation subject to the adjustment of the rights of the co-proprietors to be made in the suit pending for that purpose. Code of Practice, Art. 566; 9 Martin, 301; 13 An. 581; 14 An. 57; State ex rel. Street vs. Judge, 35 An. 515; State ex rel. Roth vs. Judge, 38 An. 49.

When the corporate business is ended and nothing remains except to dispose of the corporate property by sale or division in kind to make the division between the co-proprietors in accordance with the adjustments of their accounts as corporators and co-proprietors of the property, one of them is entitled to a sequestration or other conservatory writ to prevent an arbitrary disposition of the property to his prejudice. Code of Practice, Art. 273; 38 An. 49; 2 An. 87.

Nor is the right to this protection afforded by the conservatory writs affected by the fact that the property is in the hands of liquidating commissioners.

The court may ex officio direct the sequestration of property the subject of litigation when requisite to protect the rights of the litigants. Code of Practice, Art. 273; 35 An. 846.

A PPEAL from the Eighth Judicial District Court for the Parish of Concordia. *Dagg, J.*

*Lazarus, Moore & Luce* and *Elam & Dale* for Plaintiff, Appellant.

*Boatner & Hough* for Defendants, Appellees.

Argued and submitted January 19, 1897.
Opinion handed down February 1, 1897.

The opinion of the court was delivered by

MILLER, J. This is an appeal by plaintiff from the order dissolving on the bond of defendants the sequestration obtained by him of the property of the corporation of which he and defendants were shareholders.

The plaintiff and defendants were substantially the owners of all the capital stock, the other shareholders being only nominally interested and introduced only to make up the number required to

organize a corporation.   Its business, the execution of work on levees, proving unprofitable, the plaintiff and defendants agreed that, with the completion of the levee contracts then on hand, the business of the corporation should cease and a liquidation of its affairs should be effected.   This liquidation proceeding under the control of all three of the parties to this suit, not resulting satisfactorily, a suit was brought by one of them, Pringle, for a dissolution and settlement of the business.   But while that suit was pending, a corporate meeting was held, at which Pringle and Clarke, the two defendants in this case, adopted resolutions over the protest of . Eltringham, the plaintiff, by which it was proposed to sell or divide the property of the corporation and liquidate its affairs, the liquidation to be conducted by the three parties, but the majority to control.   At this meeting Pringle and Clarke voted together, and the plaintiff, by contrary resolution and his protest, placed himself in opposition.   The effect of the resolutions was to dispense with the functions of the court invoked to settle the rights of the parties, and virtually subjected the plaintiff to that method of disposing of the corporate property, and adjusting his rights as his two associates acting in concert might determine.   The plaintiff then appealed to the court.   His petition averred the pendency of the suit to settle the partnership; that the resolutions of his fellow-corporators proposed to give to them the power of disposing of the corporate property by sale or division; that he disagreed with them as to the method of liquidation; that they had control and possession of the property, were about dividing it extra-judicially and illegally, it not being susceptible of a division in kind, only to be made if practicable, by the courts; that a settlement of accounts was necessary, and he prayed for a writ of sequestration and an injuction to arrest the action of the defendant.   The writ issued and was executed; then there was an application by the defendants to bond, declined by the judge, but thereafter renewed was granted in the absence of the judge of the district, by the judge of the Sixth Judicial District Court, which embraces the parishes of Iberville, West Baton Rouge and Pointe Coupee.   From that order the plaintiff prosecutes this appeal, and the defendants move to dismiss on the ground the order to bond can work no irreparable injury.

The Code implies the general rule that interlocutory orders are not appealable, but grants the appeal whenever the interlocutory

order is calculated to work irreparable injury.  The character of the the right sought to be protected by the sequestration determines whether the order dissolving the seizure is appealable.  Where the demand of plaintiff is simply for debt secured by privilege, and his writ of sequestration is dissolved by the substitution of a bond for the property, no appeal lies, the bond affording him complete protection.  Thus the case cited by defendants from 21 An., Wolff vs. McKinney, p. 634, and similar decisions, hold that the order to bond a sequestration for a money demand secured by privilege is not appealable.  But it is entirely different when the plaintiff resorts to this writ for the protection of a right of property, and in our view this case is an illustration of that difference.  The sequestration was auxiliary to the suit to settle the corporate affairs. The writ sought to keep the property subject to such judgment as the court might render between the co-proprietors of the corporate property.  If this order to bond stands, the property is withdrawn from the control of the court.  If the plaintiff in his demand for sequestration obtains relief he will have to seek, in some further proceedings, that remedy which is prompt, direct and complete, if instead of dissolving the writ the corporate property remains in the sheriff's hands to abide the orders and judgment for the disposition of the property and adjusting the rights of the corporators.  When the bonding of the writ will compel the plaintiff to resort to another suit for relief it has been held the order to bond is appealable, and generally it may be stated whenever the bonding changes the position of the plaintiff in the writ to his prejudice he is entitled to appeal.  To permit a co-proprietor to take into his possession and convert the joint property under his bond for its restitution changes the right of property for a circuitous and uncertain lawsuit on a bond, and in this case defeats that relief to be afforded in the suit to settle joint interests, the court having the property under its control.  An order to bond leading to such results is, in our opinion, clearly appealable.  The language of one of the decisions, in dealing with this question, is applicable, "the sequestration improperly dissolved might forever deprive the plaintiff of the object of his suit." State vs. Judge, 9 Martin, 301; see also Johnston vs. Johnston, 13 An. 581; White & Trufant vs. Cazenave, 14 An. 57; 35 An. 515; 38 An. 49.  The motion to dismiss is therefore denied.

On the merits it is shown that the corporate business is ended.

There are no debts to be paid, or if there are we infer there are funds for their payment. All that remains for the settlement of the corporate affairs is to adjust the accounts of the corporators and to distribute the corporate property or its proceeds if a sale is requisite. The charter provides for three commissioners to liquidate the corporation. The resolutions provide for three, but practically gave the control to two, and that in view of the relations of the parties shown by the record, is practically the exclusion of the plaintiff. We do not appreciate that the liquidating officers of a corporation have arbitrary power to dispose of the property committed to their charge. The law protects the interest of each of the co-proprietors. It might well be that a division in parts of a plant, such as this corporation possesses, would be to sacrifice the property, and a sale in its entirety, the only proper division. The law provides for one or the other method in partition between co-proprietors. Civil Code, Arts. 1339 *et seq.* When the partition is in kind there is the provision in the Code for lots to be drawn, and so composed as to secure equality in the division. Arts. 1364 *et seq.* The resolutions in this case giving the power of disposition to the two commissioners, the allegation in the petition is, that they propose to make an illegal and arbitrary division. A disposition of the joint property violative of the rights of one of the co-proprietors would, in our view, authorize a resort to the writ of sequestration. The import of the petition is that the commissioners propose to divide the plant when that division would be injurious to plaintiff, and to divide as suited them, the plaintiff to submit to any allotment they choose to designate for him. We think the law afforded plaintiff protection by its conservatory writs against any such procedure. These resolutions were adopted in the face of the pending suit to settle the corporate affairs. The pendency of the suit is averred in plaintiff's application for the writ. There is a power in the courts *ex officio* to direct the sequestration of property to protect the rights of the litigants. Code of Practice, Art. 273; Allen, West & Bush vs. Whetstone, 38 An. 849. It is relief, or rather protection, of the same nature as that afforded by the appointment of receivers. In this point of view the condition, we think, authorized the sequestration, and in any aspect, the threatened violation of the right of property entitles the suitor to the preventive remedies prescribed by our law. 38 An. 49; Gridley vs. Connor, 2 An.

87. We are of opinion the writ properly issued. It is calculated to secure efficacy to the suit to settle the corporate business, that is to adjust the accounts between the co-proprietors and give to each the share of the corporate property to which he may be decreed entitled. This relief our courts are competent to give, and in this case the settlement is not at all difficult. We therefore shall set aside the order to bond, maintain the sequestration with a view to hold the property subject to the orders and decree of the courts in the pending suit. This method it seems to us will secure the right of all and end a controversy between corporators interested only in the division of the remaining corporate property.

It is therefore ordered, adjudged and decreed that the order to bond the property seized under the writ of sequestration be set aside, the writ maintained, and that the property be held subject to the orders and decree of the lower court in the suit to settle the partnership.