On Motion to Dismiss.
BREAUX, J.
Defendant and appellee moves to dismiss the appeal which plaintiff prosecutes from an order which was issued by the district court, authorizing defendant and appellee to furnish bond and obtain possession of the property which had been sequestered.
The suit was brought by plaintiff and appellant to compel the partnership of Boimare & St. GSme to go into liquidation, settle its affairs, and close its business.
Plaintiff, at the same time and in the same suit, asked for a writ of sequestration to issue, and that all the property of the partnership be sequestered.
*831 The sheriff complied with the court’s order of sequestration, and took the property-in his possession. On the day that the sheriff executed the writ, the court ordered that the property sequestered be released to the defendant and appellee, St. G§me, upon his furnishing bond, with security, in the sum of $2,000.
After the order just mentioned had been granted, plaintiff, Boimare, asked for a suspensive appeal. It was granted. Here the defendant, St. G@me, moved to dismiss the appeal on the ground that no appeal lies from an interlocutory order which will not cause an irreparable injury, and on the further ground that the order in question, authorizing the sheriff to release the property on defendant furnishing bond, was not a Anal judgment.
In our view, an appeal lies from an interlocutory order allowing one of the parties to bond property of the partnership which has been sequestered at the instance of his copartner, not because it is a final judgment, for manifestly it is not, but because it is an order which may cause irreparable injury. It has the effect of taking the property out of the possession and control of the partnership, and of placing it in the possession of one of the parties personally, who is not the owner, and does not claim to be the owner, of the whole property; being only the owner in indivisión of the property.
The purpose of the suit is the settlement of the affairs of the partnership. The action for the settlement of a partnership is in its nature in rem, for personal indebtedness only arises after settlement.
The purpose is the liquidation of the affairs of the partnership. It may be that the order authorizing one of the partners to bond the property will place it one remove further from the court’s authority than it should be in the interest of all concerned, and that it will add useless delay where there should be a settlement without delay.
These are mere possibilities, it is true. They are sufficiently imminent to render it important not to leave a partner without the right of appeal under any and every contingency, however irreparable.
The substitution of a bond of release to the property in a sequestration changes the character of the possession.
This court has passed directly upon the question.
In Eltringham v. Clarke & Pringle, 49 La. Ann. 342, 21 South. 547, the court grounded its conclusion upon the character of the rights involved. The order could have caused irreparable injury, and therefore it allowed the appeal.
In Schwan v. Schwan, 52 La. Ann. 1193, 27 South. 682, the court recognized the right of appeal.
It used this language:
“The weight of authority is decidedly in favor of the proposition that the injury may be irreparable, and that an appeal should be allowed.”
Citing a number of decisions.
Again, in State ex rel. Street v. Judge, 35 La. Ann. 515, this court said:
“A suspensive appeal lies from an interlocutory order permitting the plaintiff to bond sequestered property.”
We therefore find ample support for our order overruling the motion to dismiss. We do not wish to be understood as going any further than to hold that an appeal lies. As-to whether the property should be released on bond at all, or any other question regarding the validity of the said order, is something with which we are not concerned at this time.
To us, it appears that the order authorizing the sheriff to release on bond will make irreparable injury, and for that reason the motion to dismiss is denied.