BRÉAUX, C. J.
The question before us for decision is whether there was' error in the decree of the district court absolutely refusing to dissolve the ex officio sequestration issued, and whether there was error in refusing to dissolve the sequestration by permitting defendants to furnish bond to that end.
There were two rules filed. One of these rules was filed by defendants to compel the plaintiff to furnish an account of rents collected on the property since plaintiff had it in his possession; and the other rule was filed hy plaintiff to the end of having the writ of sequestration dissolved, either absolutely or on plaintiff furnishing bond.
The first rule noticed hy us, that filed by defendants, has virtually passed out of the case on this appeal. Both this rule, just referred to, and the rule filed by plaintiff to have the writ dissolved, were dismissed by the decree of the district court.
The plaintiff in rule — that is, the Interstate Land Company, Limited — alone appeals and complains of the decree rendered.
No Right to Judicial Sequestration.
This negative proposition of the plaintiff in rule was predicated by it on the language of Code Prac. art. 274, which gives the right to such a sequestration when the ownership of property is in dispute.
Were we to stop here with the quotation, and be governed thereby, there would be some ground for the contention that the plaintiff in sequestration was not entitled to the sequestration. But the article continued:
“And when one of the contending parties does not seem to have a more apijarent right to the possession than the other, then the right of sequestration is given.”
For the paragraph quoted supra is followed by the statement “that in such cases” —that is, in either of said cases stated in the article quoted supra — a judicial sequestration may issue; that is, when the right to ownership is in dispute, or the right of possession questioned, in either case.
This article is broad enough in scope to authorize a judicial sequestration ex officio, where each of the joint owners claims possession of his undivided half, as in this instance.
Plaintiff and defendant were joint owners, each in the proportion of one-half, and neither had a right to the possession of the whole to the exclusion of the other.
The attempt was to put an end to the in-división in the ownership. In that situation the judge had the right to act as he did.
There was, in addition, contention in regard to the rent.
Defendant claimed a large amount for rent collected, it is alleged, by plaintiff, and not accounted for.
The judge properly solved the difference between them, temporarily at least, by ordering a judicial sequestration to issue.
We should have before stated that the defendant claimed that plaintiff was unlawfully disposing of the rent.
*49 Certainly, when one of the joint owners avails himself of the possession of the whole property to waste the revenues thereon, the owner not in possession can he protected by issuing a writ of sequestration.
. Ex officio, the court may direct the sequestration of property to protect the right of property. Code Prac. art. 273; Allen, West & Bush v. Whetstone, 35 La. Ann. 849; Eltringham v. Clarke & Boyle, 49 La. Ann. 343, 21 South. 547.
The showing made by defendant for sequestration was such as sufficiently justified the court in ordering the judicial sequestration.
In the second place, the plaintiff in rule to dissolve (that is, the appellant) takes the position, as an additional ground, that, if there was a right in the owner of one undivided half of the property to a writ of sequestration, it (the owner of said undivided half) had the right to dissolve the writ on bond, and it pleads in support of its contention the decision in Ramos Lumber Company v. Sanders, 112 La. 615, 36 South. 625.
That decision does not support plaintiff and appellant’s contention; for here the parties are joint owners, different from what it was in the cited case.
As joint owners, their rights are to be considered as in case of a partnership. The rule applying is the same. If it is not proper to dissolve on bond in case of a partnership, it certainly should not be proper to dissolve in case (similar to the one before us) of joint ownership. This point clearly falls within one of the exceptions, and that exception includes joint ownership.
The suit was brought for the partition of the property and the settlement of an account. If bonding were allowed, it might defeat the purpose of the suit for a partition and cause delays unnecessarily and loss.
We are convinced that on the authority of the following decisions the judgment appealed from in this respect was entirely correct, and that the trial judge exercised proper discretion in declining to permit the writ to be dissolved on bond: Segur v. Sorel, 11 La. 440; Schwan v. Schwan, 52 La. Ann. 1183, 27 South. 678.
Moreover, we have reasons to infer from the argument at bar and the assertion of defendant’s counsel (not controverted) that the proceedings had arrived at that stage as to the partition sued for that it would in consequence serve no purpose to reverse the decision in any case; in other words, that the property had been sold or was about to be sold to effect a partition by licitation. If that assertion be correct, plaintiff would be contending for an abstract right.
For'reasons assigned, the judgment appealed from is affirmed.
LAND, J., having been absent at the argument, takes no part.