PROVOSTY, J.
The present suit is a petitory action accompanied by sequestration. Code Prae. art. 279, provides that the defendant may have the sequestration set aside and the sequestered property delivered to him upon furnishing bond in an amount fixed by the judge, and that, if defendant neglects or fails to do so within ten days, then that the plaintiff shall have the same privilege. Instead of simply asking that she be permitted to bond the sequestration, as thus authorized to do,, the defendant took a rule on plaintiff to, show cause why she should not'be permitted to do so. She caused the return day of this rule to be fixed five days after the expiration of the ten days within which she had the exclusive right to bond. The plaintiff accepted sei’vice of the order to show cause; but as soon as the ten days within which defendant had a preference in bonding had expired, and several days before the day on which fie had been ordered to show cause, plaintiff filed an application to bond the property. Thereupon the defendant, ignoring the proceeding instituted by her against plaintiff to show cause, filed an application to bond similar to plaintiff’s. The judge granted defendant’s application, and ordered the sequestered property returned to her upon her furnishing bond. The rule to show cause was ignored. From the order dissolving the writ, plaintiff obtained the present appeal; and defendant has moved to dismiss the appeal on the ground that the order' was interlocutory, and not such as could cause irreparable injury, and was therefore not appealable.
In the case of Elthringham v. Clarke, 49 *470 La. Ann. 342, 21 South. 547, this court distinguished between a case where a sequestration has been obtained upon a mere money demand and a case where it has been obtained for the protection of a right of property, and held that in the latter case the ■order dissolving the sequestration on bond is appealable. The sequestration having been ■obtained in this instance for the protection of a right of property, that decision is directly in point.
Motion to dismiss overruled.