(79 South. 215)

No. 23137.

DAVENPORT v. STERLING LUMBER CO.

In re DAVENPORT.

(June 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. CERTIORARI ☞37—APPLICATION FOR WRIT —PARTIES—INFORMALITY.

The informality of applying for a writ of certiorari directly in the name of the applicant, instead of in the name of the state on the relation of the applicant, is not fatal, where the petition otherwise discloses a right to the writ.

2. PROHIBITION ☞19 — APPLICATION — PARTIES—INFORMALITY.

The informality of applying for a writ of prohibition directly in the name of the state of the applicant, instead of in the name of the state on the relation of the applicant, is not fatal, where the petition otherwise discloses a right to the writ.

3. APPEAL AND ERROR ☞458 — SEQUESTRATION—SUSPENSIVE APPEAL FROM ORDER OF BONDING.

If the setting aside of a judicial sequestration obtained on defendant's suggestion, upon plaintiff's furnishing bond, would cause an irreparable injury to defendant, an order for a suspensive appeal from the order of bonding was properly issued, and otherwise not.

4. SEQUESTRATION ☞17—SETTING ASIDE ON BOND—DISCRETION OF JUDGE.

A trial judge has a discretion in setting aside a judicial sequestration on bond, as before permitting one of the parties to set it aside he must necessarily believe that his action will not cause irreparable injury to the other party.

5. SEQUESTRATION ☞5 — JUDICIAL SEQUESTRATION OF RIGHTS OF PARTIES.

Where property rights are involved and it is necessary to maintain the status quo, a judicial sequestration is often the only safe manner of conserving the rights of the parties.

6. APPEAL AND ERROR ☞97—SEQUESTRATION —DISSOLUTION ON BOND—APPEAL.

Where a sequestration obtained to protect a property right is dissolved on bond, the order of dissolution is appealable.

Action for injunction by J. A. Davenport against the Sterling Lumber Company. Judgment for plaintiff, and defendant appealed to the Supreme Court both suspensively and devolutively and perfected its appeal, and thereafter the district court, on defend-ant's suggestion, issued a writ of judicial sequestration and plaintiff bonded the sequestration, and defendant was granted a suspensive appeal from the order of bonding, and plaintiff applies for writs of certiorari and prohibition to quash such order of appeal and to restrain the District Judge from interfering with the order bonding the sequestration. Writs refused.

Stubbs, Theus, Grisham & Thompson, of Monroe, for applicant. H. Flood Madison, of Bastrop, for respondent.

LECHE, J. Plaintiff, claiming to be the owner of certain lands and the timber thereon, and alleging that defendant was depredating on said lands and cutting and removing the timber therefrom, enjoined defendant from further trespassing upon his said property. Defendant answered, and after due trial judgment was rendered in favor of plaintiff, maintaining the writ of injunction. From that judgment defendant appealed to this court both suspensively and devolutively, and perfected its appeal.

Thereafter, the district court, on suggestion of defendant, issued a writ of judicial sequestration and caused the sheriff to seize and take into his possession all the timber in controversy. Plaintiff, having obtained from the district judge an order to that effect, then bonded the sequestration. In due time the judge then granted to defendant a suspensive appeal from the order of bonding, and the writs of certiorari and prohibition, presently applied for by plaintiff, are asked for the purpose of quashing and annulling said order of appeal and of restraining the district judge from in any manner interfering with, setting aside, or suspending the order bonding the sequestration.

The answer of respondent judge after suggesting that plaintiff's application is not in due form, being made in his own name instead of on the part of the state on the rela-

tion of plaintiff, sets out the pleadings substantially as above set forth, and alleges that in the opinion of respondent, the controversy between the parties being over the ownership of the timber, its status as property should be preserved until the question of ownership is definitively settled, and, with that purpose in view, the judicial sequestration was issued. Respondent further alleges that he permitted the writ of judicial sequestration to be bonded on the authority of Jackson v. Crillton et al., 121 La. 59, 46 South. 101, and that he granted the order for a suspensive and devolutive appeal from said bonding order for the reason that in his opinion parties aggrieved have the constitutional and legal right of appeal from all final judgments. All of which is respectfully submitted for such action as this court may deem proper in the premises.

[1, 2] The informality suggested by the respondent judge, that plaintiff's application for writs of certiorari and prohibition should have been made in the name of the state of Louisiana on the relation of plaintiff, instead of being made directly in the name of plaintiff, has several times been passed upon by this court. Such an informality, where the petition otherwise discloses a right to the writ, was held as not fatal, in the cases of Malain v. Judge, 29 La. Ann. 793, Morris v. Womble, 30 La. Ann. 1312, and State ex rel. Dardenne v. Cole, Judge, 33 La. Ann. 1356. The allegations of the application being otherwise sufficient, and the prayer thereof being specifically for the issuance of the writs, respondent's exception to the form of plaintiff's application is overruled.

[3] The question to be decided in this proceeding is whether the order issued by the respondent judge, setting aside the judicial sequestration on plaintiff furnishing bond, might cause an irreparable injury to defendant. If it should have that effect, then the order for a suspensive appeal from the

143 LA.—22

order of bonding was properly issued; otherwise, it should have been refused. It may seem that the respondent, in permitting the plaintiff to bond the sequestration, was of the opinion that the order to bond did not cause defendant irreparable injury, and that in permitting the defendant to appeal suspensively from that order he was of a contrary opinion, and therefore that his action in granting the appeal was inconsistent with his action in granting the order to bond. But this is explained by respondent's interpretation of the decision in Jackson v. Crillton, 121 La. 59, 46 South. 101. He construed that decision to mean that any judicial sequestration, regardless of its character, may be bonded, that it virtually deprives a trial judge of all discretion in such matters, and gives the adverse party an absolute right to bond any and every judicial sequestration. Having then complied with the duty, in ordering the setting aside of the sequestration on bond, which he construed to be merely ministerial on his part, he then exercised his judicial discretion when presented with an application for a suspensive appeal, and permitted the defendant to suspend by appeal what he considered to be an impending irreparable injury to defendant.

[4, 5] We are of the opinion that the decision in the Jackson Case, even if its language should so justify, should not be given the effect of depriving the judge of all discretion in setting aside judicial sequestrations on bond. There are numerous decisions to the contrary. A trial judge must of necessity, before he permits one of the parties to set aside a judicial sequestration on bond, believe that his action in so doing will not cause the other party irreparable injury, and the question of irreparable injury is addressed to his judicial discretion and must primarily be determined by him. Where property rights are involved, and it is necessary to maintain the status quo, a judicial sequestration is often

the only safe manner of conserving the rights of the parties. See State ex rel. Jennings-Heywood Oil Syndicate v. De Baillon, Judge, 113 La. 619, 37 South. 534; Boimare v. St. Geme, 113 La. 830, 37 South. 770; State ex rel. Roth v. Judge, 38 La. Ann. 49; Interstate Land Co. v. Doyle, 120 La. 46, 44 South. 918; Hecker v. Bourdette, 121 La. 467, 46 South. 575; Schwan v. Schwan, 52 La. Ann. 1183, 27 South. 678.

[6] The issue here presented, although substantially the same, is not whether the respondent, judge failed to exercise his discretion in permitting the plaintiff to bond the judicial sequestration, but whether he properly exercised that discretion in granting defendant a suspensive appeal from the order to bond. We believe that he did properly exercise that discretion, as the matter here involved is the preservation of property rights.

In the quoted case of Hecker v. Bourdette, 121 La. 467, 46 South. 575, it was held that, where a sequestration obtained for the purpose of protecting a property right is dissolved on bond, the order of dissolution is appealable. That decision controls the present case, and we hold that the appeal obtained by defendant, Sterling Lumber Company, was properly granted.

For these reasons, the writs applied for by plaintiff are refused, at his cost.

MONROE, C. J., concurs in decree.