PROVOSTY, J.
Plaintiff alleges that on the 18th day of April, 1918, he and defendant entered into an oral agreement of partnership, by which they were to buy out a certain going country store business, and to carry on the same for three years, the defendant to furnish $5,000, and he his services, and they to divide the profits equally; that he attended to the buying of the business, and to leasing the building in which it was then being carried on, and was in charge as man *649 aging partner from May 4th, when the purl chase was consummated, to May 29th, when defendant took charge, and excluded him; that the business was purchased, and the lease was taken, and the moneys were deposited, in the name of defendant, hut that this was only for convenience, as the agreement was that the business should be conducted in the name of the Hay Mercantile Company; that by reason of the foregoing the defendant is indebted to him in the sum of $5,000, for the prospective profits of the business for the three years during which it was under the agreement, to continue, and $2,500 for the injury done to his reputation in the commercial world, and for “the humiliation and mortification to his feelings”; that he has “a right of possession to and a claim to and a privilege upon the movable property of the Hay Mercantile Company,” and that “it lies within the power of the said William R. Hay to conceal, part with or dispose of said movables during the pendency of this suit,” and he verily fears he will do so; that he himself is a man of no means, and that therefore it would be imposible for him to furnish bond for a writ of sequestration; and hence the court should ex officio order the property to be sequestered. 1-Ie asked for a personal judgment in the sum of $7,500, and that the sequestration be maintained, and his privilege be recognized on the sequestered property.
The court ordered the writ to issue, and under it the sheriff took possession of the stock of goods in the store, and of the moneys of defendant on deposit in the local bank and in a New Orleans bank.
Defendant moved the dissolution of the writ, and in the alternative that he be allowed to bond. The court refused both'.
Defendant has applied to this court for a mandamus to compel the trial judge to allow him to bond.
We have in the matter of the dissolution of the writ strong views, but this is not the time to express them. Clearly defendant should be allowed to bond. Why not? What more can plaintiff want than a good bond to answer for any judgment he may obtain. He cites the cases of Eltrington v. Clarke, 49 La. Ann. 340, 21 South. 547, and Boimare v. St. Geme, 113 La. 830, 37 South. 770. These were' suits for settlement of partnership, and the property admittedly belonged to the partnership. Such is not the case here.
It is therefore ordered, adjudged, and decreed that a - writ of mandamus issue to lion. Prentiss B. Carter, Judge of the Twenty-Sixth' judicial district court in and for the parish of St. Tammany, directing and commanding him to comply with the prayer of the defendant in the suit of David Nieto v. William R. Hay, for an order to dissolve on bond the writ of sequestration issued in said suit.