PONDER, Justice.
 

 This is a rule on the district judge and the defendants to show cause why the writ of mandamus should not issue directing the district judge to grant the relators, plaintiffs, a suspensive appeal from the order of the district court setting aside a writ of judicial sequestration previously issued by the district court.
 

 The facts in the case are, namely, viz.: The plaintiffs on July 1, 1937, filed a peti-tory action against the defendants alleging that they were owners of an undivided half interest in a 40-acre tract of land situated in the parish of Caddo; that the defendants had entered into a contract with the G. H. Vaughan Production Company in which they had undertaken to transfer %6 of all the oil, gas, and other minerals in and under said land; that said contract between defendants and the G. H. Vaughan Production Company is absolutely null as far as the right of the plaintiffs, as owners of an undivided half of said land, are concerned; that the G. H. Vaughan Production Company has drilled on the land two wells which are producing oil and have been producing oil continuously since September 17, 1935.; that the oil is sold and being delivered to the Standard Oil Company of Louisiana ; that the Standard Oil Company has actually received the oil produced from the land under the null contract between the defendants and the G. H. Vaughan Production Company; that the defendants, the G. H. Vaughan Production Company and the Standard Oil Company, are liable to the plaintiffs for one-half the value of all the oil, gas, or other minerals extracted or produced from the tract of land; that from information and belief plaintiffs aver that the value of plaintiffs’ half of said oil, etc., exceeds the sum of $200,000; that plaintiffs are entitled to a full and complete accounting of the quantity and value of the oil, etc.; that the G. H. Vaughan Production Company and the Standard Oil Company are continuing to produce and take away the oil from the land, half of which belongs to plaintiffs; that the plaintiffs will suffer irreparable injury unless a writ of judicial sequestration is issued under articles 273 and 274 of the Code of Practice to hold the proceeds of the sale of the oil, etc., intact until the final determination of the suit.
 

 The district judge, at the time the plaintiffs’ petition was presented, signed an order for the issuance of a judicial sequestration and an order for the defendant to render an accounting, within ten days, of the quantity and value or price from all oil, etc., taken from the tract of land. This order was signed on July 1, 1'937. On July 6, 1937, the court signed an order, on the
 
 *415
 
 petition of the defendants, ruling the plaintiffs to show cause on July 9, 1937, why the order previously signed by the court for the issuance of a judicial sequestration, etc., should not be set aside as improvidently granted. The rule was tried on July 9, 1937, and the court ordered that the sequestration heretofore issued be vacated and set aside, whereupon the plaintiffs applied for a suspensive appeal which was refused by the district court. The plaintiffs have applied to this court for the writs of certiorari and mandamus to compel the district court to grant' them a suspensive appeal. A rule was issued by this court and the matter has been submitted for determination.
 

 The question presented for our determination is whether or not the plaintiffs are entitled to a suspensive appeal from an order vacating and setting aside a writ of judicial sequestration. It is unques^ tionablj the law that it is within the discretion of the trial court to grant or refuse to grant a judicial sequestration and that this court could not be warranted in interfering with that discretion, but that is not the question here" presented. The question here presented is whether or not the plaintiffs are entitled to a suspensive appeal from the order setting aside the writ.
 

 In the case of Schwan v. Schwan, 52 La.Ann. 1183, 27 So. 678, 682, the court states:
 

 “But it is said, if the question whether he should, ex officio, order the 'sequestration was a matter within the discretion of the judge, it was equally within his discretion to determine whether he would set the sequestration aside, and that, having exercised a discretion vested in him by law, his action is not reviewable on appeal. This view is, however, founded on misapprehension. The right of appeal in such cases is not affected adversely by the fact that the order or judgment from which the appeal is sought is within the discretion of the judge by whom it is made. On the contrary, where such order or judgment is discretionary, the remedy, if the case is one which requires a remedy, is by appeal, rather than by mandamus or prohibition. State v. Judge of Superior Dist. Court, 26 La.Ann. 116; State v. Judge, 36 La.Ann. 394; State v. Judge of Dist. Court for Iberville, 38 La.Ann. 49; State v. Rightor, 40 La.Ann. [852] 854, 5 So. 416; State v. Judge, 44 La.Ann. [1085] 1090, 11 So. 684. Whether the case is one which requires a remedy, since the order or judgment in question was interlocutory, depends ttpon whether the resulting injury is or may be irreparable; and whether the injury is, in any given case, irreparable, this court has said is a matter concerning which it is difficult to lay down any precise rule, but that the general principle is that an injury, the damage from which is merely in the nature of a pecuniary, loss, and can be fairly and fully compensated in money,-is a reparable injury, for which a bond for sufficient amount, and properly secured, would furnish all adequate relief. Crescent City Live-Stock Landing & Slaughter-House Co. v. Police Jury, 32 La.Ann. [1192] 1194; Puckette v. Judge, 39 La.Ann. 901, 2 So. 801 [4 Am.St.Rep. 242]; State v. Judge of Civil Dist. Court, 50 La.Ann. [266] 273, 23 So. 839. But there are some cases
 
 *417
 
 where the bond does not afford adequate relief, and in Eltringham v. Clarke, 49 La.Ann. 340, 21 So. 547, the distinction is made between a case where a sequestration is issued in a suit for the recovery of a debt secured by a privilege and the property is released on bond, and a case where the plaintiff resorts to the writ for the protection of a right of property; and it is held that in the latter case the dissolution of the writ, even on bond, may work irreparable injury. Where, as in the instant case, the writ is dissolved on motion, and without bond, the weight of authority is decidedly in favor of the proposition that the injury may be irreparable, and that an appeal should be allowed. See Eltringham v. Clarke, cited supra; State v. Judge Lewis, 9 Mart.(O.S.) 301; Johnston v. Johnston, 13 La.Ann. 581; White v. Cazenave, 14 La.Ann. 57; State v. Rightor, 35 La.Ann. 515; State v. Judge of 23d Dist. Court for Iberville, 38 La.Ann. 49; State v. Judge of 4th Dist. Court for Parish of Orleans, 25 La.Ann. 299,-in several of which cases an appeal was allowed, although bond had been given.
 

 “It is further said, in behalf of the motion to dismiss, that, having ordered the sequestration, and having dissolved it ex officio, and in the exercise of his judicial discretion, the latter order left no contention before the court, and nothing to appeal from. If it be true — as we have found it to be — that irreparable injury may result from the interlocutory order 'made by a judge in the exercise of his judicial discretion, and that the remedy in such case is by appeal (State v. Judge of Dist. Court for Iberville, 38 La.Ann. 49), this proposition is answered.”
 

 In the case of Hecker v. Bourdette, 121 La. 467, 46 So. 575, 576, there was a motion filed to dismiss the appeal on the ground that an order dissolving the writ of sequestration on bond was interlocutory which was overruled by this court. This court in discussing the case of Eltringham v. Clarke, 49 La.Ann. 340, 342, 21 So. 547, reaffirmed the doctrine laid down in that case, viz.:
 

 “this court distinguished between a case where a sequestration has been obtained upon a mere money demand and a case where it has been obtained for the protection of a right of property, and held that in the latter case the order dissolving the sequestration on bond is appealable.”
 

 This doctrine has also been reaffirmed in the case of Davenport v. Sterling Lumber Company, 143 La. 671, 79 So. 215.
 

 We are of the opinion that the doctrine laid down in the case of Schwan v. Schwan, supra, citing Eltringham v. Clarke, supra, and many other decisions, that where a writ of sequestration is dissolved. without bond the weight of authority is decidedly in favor of the proposition and that the injury may be irreparable and that an appeal should be allowed. This does in no way conflict with any of the decisions of this court but, on the other hand, is in harmony with them.
 

 The respondent judge states that he inadvertently issued the writ of sequestration in the first instance and that he would not .have signed the order if the facts - had been known by him at the time. This is
 
 *419
 
 a mere statement'of the respondent judge. We find no statement of facts in the return of the respondent judge upon which to base such a .conclusion. The respondent .judge cites in his return Succession of Pavelka, 157 La. 480, 102 So. 579, and Rosenthal-Brown Fur Co. v. Jones-Frere Fur Co., 157 La. 887, 103 So. 251, on the question that mandamus will not lie to compel the district judge to allow or disallow a judicial sequestration; that it is discretionary with the judge to allow or disallow a writ of judicial sequestration. It is unquestionably the law that mandamus will not lie to control the discretion of the district court to allow or disallow a judicial sequestration. It is also well settled that mandamus will not lie to compel a district judge to continue or discontinue a judicial sequestration. The proceedings herein is not to compel the district judge to allow or disallow the judicial sequestration or to continue or discontinue it. The question herein is whether or not the aggrieved parties are entitled to a suspen-sive appeal from the interlocutory judgment rendered by the district court. The interlocutory judgment herein vacating and setting aside the judicial sequestration is an interlocutory judgment that may result in irreparable injury and therefore the rela-tors are entitled to a suspensive appeal from the interlocutory judgment. Dickinson v. Texana Oil & Refining Co., 144 La. 489, 80 So. 669, cited by respondent judge is not applicable for the reason that the right of appeal from an interlocutory judgment was not at issue therein.
 

 The relators contend that they have the right to a suspensive appeal from the trial judge’s order annulling and setting aside its previous order, wherein it granted an order for an accounting. In the case of Benham, Ziegler & Co., Inc., v. Mouledoux, 175 La. 711, 144 So. 428, 429, the court states:
 

 “A judgment, rendered by a trial judge, ordering an accounting, whether signed by him or not, is not a final or definitive judgment, but is an interlocutory one. Junek, Tutrix, v. Hezeau, 12 La.Ann. 248; Succession of Carriere, 34 La.Ann. 1056; 1 C.J. pp. 610, 611, §§ 49 and 50. It is not, however, an interlocutory judgment, which may work irreparable injury. The error, if any, in ordering the accounting, is such a one as may be corrected by appeal, after the case is finally disposed of in the trial court. Succession of Carriere, supra.
 

 “The reason why the law does not grant an appeal from such a judgment as the present is because it does not favor the bringing up of cases by fragments. Wolff v. McKinney, 21 La.Ann. 634.”
 

 From this decision the relators’ remedy would be by appeal after the case is finally disposed of.
 

 For the reasons assigned, the writ of mandamus is made peremptory and the Honorable J. H. Stephens, district judge, is commanded to grant the relators, James B. Knighton et al., an order of suspensive appeal to this court from the interlocutory judgment rendered by the said judge, on July 9, 1937, wherein the judicial sequestration was vacated, rescinded and recalled. It is further ordered that the writs issued herein as to the order of the lower court
 
 *421
 
 with reference to vacating the order for an accounting is recalled and dismissed. It is further ordered that this case be remanded to the lower court to be proceeded with according to law and consistent with the views herein expressed. The defendants to pay all cost of these proceedings.
 

 O’NIELL, C. J., recused.
 

 HIGGINS, J., takes no part.