EASTERN DIST.
*June*, 1835.

FRERET ET AL.
*vs*,
MARIGNY.

---

## FRERET ET AL. *vs.* MARIGNY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An appeal does not lie from an interlocutory judgment of the District Court, making absolute a rule taken on the appellant, to show cause why the deliberations of a family meeting, convoked under the authority of the District Court, should not be homologated. Such judgment does not work an irreparable injury.

This is an action to rescind the sale of certain immoveable property.

On the 10th June, 1822, Rosalie Picou, widow of George Deslonde, sold a tract of land in the parish of St. Bernard, to Richards Richardson, for twenty-five thousand six hundred and sixty dollars, payable in four annual instalments of six thousand four hundred and fifteen dollars each, reserving mortgage. Richardson sold off part of the land, and the

price of the portion so sold off, was received by Rosalie Picou, in part payment of what was due to her by Richardson.

On the 4th March, 1825, there remained due to Rosalie Picou, on her sale to Richardson, twenty-two thousand five hundred and ten dollars of the capital, beside interest.

Richardson was sued by Rosalie Picou, and being unable to pay, a transaction was made between them, by which the sale was rescinded.

In the interval between the sale to Richardson, and the rescission of that sale, viz: on or about the 4th July, 1822, Richardson's wife died, leaving several children heirs, and out of this circumstance the present difficulty and suit arises; the property being purchased during marriage, was community property, and the heirs of Mrs. Richardson not being parties in any manner to the suit of Picou vs. Richardson, nor to the transaction, it is considered that there is a latent title in them, and the object of the present suit is to extinguish that title.

Rosalie Picou, widow Deslonde, on the 21st December, 1827, sold to Marie Louise Panis; who on the 9th August, 1831, sold to Bernard Marigny, with assignment of rights of warranty; who on the 18th August, sold to plaintiffs.

Richardson died in October, 1833. The plaintiffs finding this defect of title, sue Marigny for a rescission of the sale. Marigny cites in Rosalie Picou, widow Deslonde, to protect him, and Rosalie Picou, alleging these circumstances, and that the heirs of Mrs. Richardson are still living, enumerates them.

The court is called upon to appoint a tutor or curator to these heirs, and the heirs are required to confirm the transaction and rescission of the sale made by their father, or pay half the price of the land and improvements.

The court accordingly appointed Henry D. Richardson, the uncle of the minors, their curator ad hoc. He appears, and excepts that he has no power to confirm or annul the transaction.

There is no probate tutor of the minors present. The court considers, that under Code of Practice, 964, and Civil Code, 57, a tutor and curator may be appointed for the minors and absentees, and that a tutor or curator so appointed may execute, exercise, and perform in the particular case, all the rights, duties and functions, which a general probate appointed tutor might exercise; the exception is therefore overruled, and the tutor and curator so appointed, is ordered to answer the petition.

From this interlocutory judgment, the curator *ad hoc*, appealed.

*Peirce*, for the appellant.

*J. Slidell*, for the plaintiffs and appellees.

*Soulé*, for the defendant Marigny.

*Bullard J.*, delivered the opinion of the court.

The tutor *ad hoc* of the minor heirs of Richardson, called in warranty in this case, prosecutes this appeal from an interlocutory judgment of the District Court, making absolute a rule taken on him to show cause why the deliberations of a family meeting, convoked under the authority of the District Court, should not be homologated.

The court has not pronounced a final judgment in the case, upon the rights of the parties; and, we are of opinion, that the judgment upon the rule is not such a one as to authorise an appeal. It is clearly not final, nor can we perceive how it may produce an irreparable injury to the party complaining of it. The power of the District Court to order a family meeting, and to approve a transaction or compromise relating to the interests of minors, recommended by such meeting, may well be inquired into when the whole case is before this court, but we do not think ourselves authorised to pronounce upon those questions, in its present stage.

It is, therefore, ordered, that the appeal be dismissed, with costs.

*Marginal note:* Eastern Dist. June, 1835. FRERET ET AL. *vs.* MARIGNY.

*Marginal note:* An appeal does not lie from an interlocutory judgment of the District Court, making absolute a rule taken on the appellant to show cause why the deliberations of a family meeting, convoked under the authority of the District Court, should not be homologated. Such judgment does not work an irreparable injury.