No. 3439.—STATE ex rel. MRS. A. TUREAUD v. PARISH JUDGE of Ascension.

A garnishee who has taken an exception to the right of the plaintiff to require her to answer interrogatories, may appeal from the judgment overruling the exception if the amount involved is sufficient to give the appellate court jurisdiction.

The fact that the garnishee subsequently answers the interrogatories which disclose a liability, can not be construed into a confession of judgment so as to defeat the right of appeal.

APPLICATION for Writ of Mandamus. *Trist & Oliver*, for relators. *E. A. Mason*, Parish Judge, respondent.

HOWELL, J. The relator having been made garnishee under writs of *fieri facias* in several suits, answered that she had in her hands, belonging to the defendant in said suits, a large sum of money, but filed with her answers an exception (which was reserved in the answers) to the right of the plaintiff to require her to answer the interrogatories, on the ground that after the service thereof the seizure had been abandoned by the return of the writs without retaining copies. From the judgment dismissing the exception and ordering her to pay the money to the sheriff, she asked for a suspensive appeal, which was refused by the parish judge, acting in the absence of the district judge, whereupon she applied to this court for a mandamus.

The judge answers that the judgment from which an appeal is sought is interlocutory, and can work no irreparable injury, that no execution can issue on said judgment, which amounts to a confession of judgment, and is therefore not appealable.

Whether the exception be well made or not, is a question to be determined only on appeal, and not in settling the right to an appeal. The garnishee having denied the right of plaintiff in execution to require the interrogatories propounded to be answered, and having filed answers with a reservation of the issue thus raised, she is entitled to have the action of the judge *a quo* dismissing her exception and condemning her to pay, reviewed on appeal, whatever may be the real merits of her defense.

We apprehend it will not be questioned that a party has the right under our Constitution and laws to take an appeal when the amount involved is sufficient, even if such appeal should afterward be declared· frivolous, unless the case is within the prescribed exceptions. This case is not in that category. It is not properly a confession of judgment from which no appeal lies, as the admission of having money belonging to the debtor does not in this instance necessarily admit the right of the creditor to it. The amount involved is sufficient, the judgment is a final one, and the appeal was applied for in due form within the legal delay. Under such circumstances, it should have been allowed.

It is therefore ordered that the mandamus issued herein be made peremptory.