## No. 7129.

### SUCCESSION OF HENRY J. FORSTALL.

An appeal will lie from a judgment homologating the proceedings of a family meeting recommending a compromise relating to the interests of a minor.

In reviewing a judgment of a lower court this Court will consider no record, document, or act, which was not in evidence before that court when its judgment was rendered.

This Court will not inquire into the effect of a judgment as to those not parties to the proceedings leading up to the judgment.

The homologation of the proceedings of a family meeting ratifying a compromise involving the interests of a minor, will be set aside on appeal, when it appears that the lower court, at the date of the homologation, had no evidence before it going to show whether the compromise would injure or benefit the minor.

APPEAL from the Second District Court, parish of Orleans. *Tissot*, J.

*Henry Denis* and *St. Maurice Berault* for executor et al., appellees.
*E. Howard Farrar* for M. E. Forstall, appellant.

E. H. Farrar, for M. E. Forstall, appellant, contended :

That " the testimony of witnesses in causes before the courts of probate shall be taken in writing and annexed to the record, and a list shall be made of such documents as are produced by the parties, and are not annexed to the record, that they may be read on the appeal." This provision of law has always been held to be imperative. Polk vs. Childers, 4 An. 500 ; Tompkins vs. Benjamin, 16 L. 200 ; Graham vs. Graham, *Ib.* 203; Reihl vs. Martin, 29 A. 17.

Second—That the judgment of a probate court homologating the proceedings of a family meeting recommending a compromise in which a minor's interests are involved, with no evidence before the court showing the reasons which governed the action of the family meeting, is not a valid judgment.

Henry Denis and St. M. Berault, for executor et al., appellees, contended :

First—That we are no parties to the probate proceedings had by the tutrix, and, therefore, that we are third persons in this case, and cannot be made appellees. Boutté vs. Boutté, 30 An. 117; Succession of Tyson, 21 An. 117.

Second—That the probate court and family meeting can do, by ratification, that which they could do by original act. Charpaux vs. Bellocq, 31 An. 167.

Third—That, if the probate judge is satisfied with the advice of the family meeting, when the undertutor concurs with them, and there is no issue before the court, he may legally rest his judicial action upon that advice, without examining himself the merits of the pro-

7

posed transaction. C. C. art. 353; Code of 1808, art. 65; Lallane's Heirs vs. Moreau, 13 La. 432.

Fourth—That, as third persons, we must be protected by the decree of the probate court, whether the same is rendered upon sufficient evidence or not, and whether it can, after the majority of the minor, be or not reversed on appeal. Lallane's Heirs vs. Moreau, 13 La. 432; Rhodes vs. Union Bank, 7 Rob. 63; Succession of Hickman, 13 An. 364; Graham, tutrix, vs. Hester, 15 An. 148; Groux vs. Abat, 7 La. 33; Wisdom vs. Buckner, 31 A. 58, and cases therein cited.

The opinion of the court on the motion to dismiss was delivered by MANNING, C. J., and on the merits by SPENCER, J.

### ON MOTION TO DISMISS.

MANNING, C. J. A compromise or arrangement was made by the tutrix of the appellant of matters affecting her interest in the succession of her grandfather which was ratified by a family meeting and a judgment of homologation entered thereon. Marie Forstall, the minor, has now attained majority, and brings up these proceedings for our revision by this appeal.

The other members of the family move to dismiss the appeal on the grounds that an appeal does not lie from this judgment of homologation because the minor is concluded by the deliberations of the family meeting, and the judgment ratifying them, and 2dly because these proceedings are assimilated to that of a suit wherein there was a judgment confessed.

These grounds are not tenable. It may be, that upon a judicial examination of these proceedings, it will be found that the appellant is concluded, but she certainly has the right to have that judicial examination made, and she cannot be turned out of court upon a mere motion to dismiss. In a former case it was said by this court, " The power of the District Court to order a family meeting and to approve a transaction or compromise relating to the interests of minors, recommended by such meeting, may well be inquired into when the whole case is before the court." Freret vs. Marigny, 8 La. 503.

In a case involving the same principle, reported in the *Journal du Palais* for 1858, p. 178, the court say, " attendu que le jugement qui statue sur une demande en homologation d'une transaction dans laquelle un mineur est interressé est un veritable jugement, statuant quelquefois sur des intérêts d'une grande importance; qu'il est impossible de n'admettre en ce cas qu'un seul degré de juridiction, et de décider qu'il ne peut pas être attaqué par la voie de l'appel par la partie qui n'a pas la droit de prendre celle de l'opposition; attendu que les conclusions prises

par le tuteur en première instance ne peuvent l'empêcher d'appeler d'un jugement qui nuit aux interêts du mineur, attendu que la demande en homologation de la transaction devait être portée devant le tribunal de première instance, aux termes de l'art. 467 C. N., quoiqu'elle portât sur une instance pendante devant la cour; que les intérêts du mineur ne peuvent pas en souffrir puis qu'il a toujours le droit d'attaquer par la voie de l'appel un jugement d'homologation nuisant aux intérêts du mineur," etc., and then the proceedings of the family meeting are examined and the judgment of homologation reversed.

We know of no precedent for the dismissal of an appeal such as this upon grounds similar to those urged here.

The motion to dismiss is denied.

### On the Merits.

SPENCER, J. This appeal is taken by Marie Emma Forstall, an emancipated minor, from a judgment and decree homologating the deliberations of a family meeting and ratifying a compromise made on her behalf by her mother and natural tutrix.

The minor was the grand daughter of the late Edmond J. Forstall, and by representation of her father, one of his heirs.

In February, 1877, the tutrix presented a petition to the Second District Court of Orleans, wherein she represents :

" That her said ward is an heir, by representation of said Henry J. Forstall, of her deceased grandfather, Edmond J. Forstall ; that the succession of said Edmond J. Forstall being involved in expensive litigation and threatened with a protracted legal contest, it was deemed by the heirs of Edmond J. Forstall to be to the interest of all parties to effect a compromise : *That accordingly an act of compromise, a copy of which is filed in No. 34,360 of this Court* was executed before Theodore Guyol, notary, on the 27th of November, 1876, in which petitioner appeared and acted in her said capacity of natural tutrix, representing her said minor daughter.

" Petitioner now prays that a family meeting be convened before Theodore Guyol, notary, for the purpose of ratifying or rejecting said compromise, and that J. J. A. Plauche, undertutor, be notified to attend to the same."

The judge ordered the convocation of the family meeting to be held before Guyol, notary. The meeting was held, and the procès verbal thereof recites as follows :

" And the said family meeting having thus taken full cognizance of the said petition and order of court, and also of the said act of compromise which I, the said notary, carefully read and explained to them,

and having consulted together and deliberated on the subject matter of the petition, unanimously declared and advised that the said compromise be approved and ratified, the interest of the said minor being in their opinion promoted thereby."

On 21st February, 1877, the tutrix filed a petition for homologation of these deliberations, the procès verbal of which she annexed.

On same day the judge homologated the proceedings, and ratified and confirmed the compromise.

This is the decree appealed from and now before us on a statement of facts made by the judge, there having been no note of evidence or list of documents taken on hearing the application for homologation. The statement of facts by the judge is as follows :

"That, when the judgment rendered on the 21st of February, 1877, was rendered, as the record in this case shows, there was no evidence before me, except the copy of the proceedings of the family meeting, approved and homologated by said judgment. The act of compromise, referred to in the proceedings, was never before me, and was never filed, that I am aware of, in this case, until made part of the petition of appeal this day filed." New Orleans, February 21, 1878.

We have already decided in this case, on motion to dismiss, that an appeal lies from the judgment in question. The correctness of that judgment must be tested by and on the record and proof presented to the court below. Where it appears *affirmatively* that a document found in the record *was not* in evidence before, or considered by, the lower judge, this court certainly cannot consider it, though invited by counsel to do so. That would be trying here another and different case from that tried below. It would be an assumption of original jurisdiction by this court. We cannot therefore consider the act of compromise which appellant has annexed to her petition of appeal.

Nor is it necessary for us to inquire into the effect of the decree appealed from upon the rights of third persons, not parties to the judicial proceeding in question. That will be a question for future consideration, when third persons are sought to be disturbed. The sole question before us is, did the judge *a quo* correctly decide when, upon the record and proof before him, he homologated and confirmed the compromise mentioned ?

We have seen that there was nothing before him showing the nature, extent, or value of the minor's rights, or in what way they were involved or affected by the alleged litigation among the heirs of Forstall, or indicating how, or why, or in what way, the minor would be benefited by the compromise. The confirmation of the compromise was a judicial act. It involved the exercise of judgment, and should rest upon facts satisfying the judge of the justice of the demand. The judge cannot act

without the advice of the family meeting; but unless it appears that that advice is based upon good reasons, it is his duty to refuse the authority or confirmation. He cannot legally substitute the judgment of a family meeting for his own. The family meeting acts simply in an advisory capacity. It is the fiat of the judge which gives the authority or the confirmation.

Upon the record and showing before him, the judge should have refused the decree of homologation and confirmation.

It is therefore ordered, adjudged, and decreed that the order and decree appealed from is annulled and reversed, and the application for homologation and confirmation of the compromise mentioned is rejected at the costs of tutrix in both courts.