### No. 8881.

### The State of Louisiana ex rel. Street vs. Rightor, Judge of the Civil District Court, etc.

A suspensive appeal lies from an interlocutory order permitting a plaintiff to bond sequestered property. Such bonding may cause irreparable injury.

Such appeal can be sought by an intervenor, in whose possession the property was when sequestered.

A mandamus lies to compel the granting of such an appeal.

APPLICATION for a Mandamus.

*Geo. L. Bright* for the Relator.

*L. O'Donnell* for the Respondent.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a Mandamus. The relator complains that the District Judge has illegally refused to allow him a suspensive appeal from an order permitting the plaintiff to bond a valuable mare sequestered in his possession.

It appears that the plaintiff caused the sequestration to be effected in the hands of the relator; that the latter applied for authority to bond the mare, but was declined the same; that the defendant then moved for the same purpose and was allowed to do so; that the relator then applied for and obtained a suspensive appeal from the two orders; that subsequently, the plaintiff prayed for permission to bond and was granted the same; that the intervenor then moved for a suspensive appeal, which was denied.

The District Judge says that he refused the appeal because the intervenor has not alleged himself the owner, pledgee, or consignee of the mare, and because he has treated as a nullity the order granting him a suspensive appeal.

The relator well observes, that his right to bond is not now at issue and that it can be inquired into only after the case, on his appeal, will be before the Court. It can also be well said that, presently, we have no opinion to express on the question whether the District Judge was right or wrong in treating the order of appeal as a nullity, and thus disregarding it. The matter stands actually just as though the relator had made neither the motion to bond, nor that for an appeal.

The question to be solved is simply whether, on the face of the papers, the relator is entitled to a suspensive appeal from the order permitting the plaintiff to bond.

The rule is, in matters of appeals, that all who have an interest at stake, and who may be aggrieved by the execution of the judgment rendered, have a right to appeal, be they the original parties to the proceedings before judgment, or parties thereto by becoming such after judgment. The extent and nature of the rights of parties of the first class appearing of record, it suffices that an application be made, to entitle them or either of them to an appeal. As to third persons, they must allege and show an appealable interest and aver that they have been aggrieved by the judgment rendered.

It is true that, but for Act 51 of 1871, an intervenor would not have a right to bond, but it does not follow that, notwithstanding that Act, he is not entitled to appeal from an order which would take away from his keeping and enjoyment, property to the use and possession of which he lays claim by an intervention, in consequence of which he has become a party to the suit. To all appearances he has a title to the ownership or possession of the mare, and asserts the same, resisting both parties litigant.

If a judgment was rendered on the merits against him, what objection could there exist to his resorting to a suspensive appeal from it, just as much as the plaintiff or the defendant could do.

Now it is settled, that plaintiffs and defendants have a right to take

a suspensive appeal from an order permitting the bonding of property seized by *mesne* process. 25 An. 299; 26 An. 65. If such be the case, and if he have rights which either might allege and which he avers, why should he not, as well as those parties, have a right to appeal?

By being divested of the possession of the mare sequestered in his hands, the relator may sustain an irreparable injury, just as considerable as that which either of the other parties might suffer. The use and possession of the mare, which is of great value, may be required to enable him to earn a living, " nay, necessary to the very existence of himself and family," as was said in in 5 N. S. 43, in which, for the second time, the right to appeal from an order dissolving a sequestration on bond was recognized. See 10 M. 174. The doctrine announced in both cases was subsequently confirmed. 26 An. p. 65.

The District Judge granted the intervenor a suspensive appeal from the order permitting the defendant to bond. It is clear he should have allowed him a like appeal from the similar order in favor of plaintiff.

We think that the relator is entitled to the relief sought.

It is, therefore, ordered and decreed that the restraining order herein made be perpetuated, and that the alternative Mandamus issued be made peremptory.