No. 8922.

THE STATE OF LOUISIANA EX REL. V. BAUMGARDEN VS. W. T. HOUSTON, JUDGE, ETC.

A mandamus lies to compel the granting of a suspensive appeal from an order directing the delivery of a bank box, said to contain effects of a value exceeding one thousand dollars. The delivery might occasion an irreparable injury.

On an application for the remedy, the appellate court cannot pass upon the correctness of the order of delivery.

APPLICATION for Mandamus.

J. Ad. Rozier, V. J. Rozier and L. L. Levy for the Relator.

W. B. Koontz and T. Gilmore & Sons for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a mandamus to compel the granting of a suspensive appeal from a decree made, directing the delivery to certain executors of a Bank Box, alleged to contain valuables estimated at $40,000, three-fourths whereof the relators claim to own.

The District Judge returns that his judgment is correct, and takes pains to establish that it is so.

With the correctness of that judgment we have no concern presently.

The question now before us is simply:

Whether a suspensive appeal lies from such a decree.

It is manifest that the execution of such an order may cause the relators an irreparable injury. The executors have given no bond, and even if they had, legal steps might be necessary for the assertion and vindication of the alleged rights of the relators in and to the effects said to be contained in the Box. 2 R. 342 ; 12 An. 455 ; 14 An. 57.

94

City vs. Ernst & Co.

It is claimed, and not denied, that the contents of that Box belong to the successions of Nicholas A. Baumgarden and of Theresa Baumgarden, the father and mother of the relators, and whose only heirs they are in common with a fourth child, who is a minor. The relators are then the owners of three-fourths of those contents, and even if they cannot now claim possession of their proportion in the half accruing to the succession of their mother, whom the executors represent, they are by law seized of that proportion in the half belonging to the succession of their father, which is not represented by those executors or any others.

. A succession is acquired by the legal heir immediately upon the death of the person whom he succeeds, by operation of law, before he has taken any step to put himself in possession or expressed any will to accept. The right of possession which the deceased had continues in the heir as if there had been no interruption and independent of the fact of possession. R. C. C. 940, 941, 942.

The relators have alleged an interest which would entitle even third persons to an appeal. No sufficient reason is shown why the relief sought by them should not be allowed.

We can pass upon the correctness of the order complained of, only when it will be properly before us for review.

The alternative mandamus is made peremptory, with costs.