State ex rel. Chandler vs Judge ad hoc.

No. 10,030. ·

THE STATE EX REL. J. B. CHANDLER VS. E. B. KRUTTSCHNITT, JUDGE AD HOC.

Writs of *certiorari* and prohibition can not be allowed in an *appealable* case to revise interlocutory decrees and a final judgment rendered therein. Such decrees and judgment may be reviewed and corrected on *appeal*.

A relator is the less entitled. to the summary relief asked, through the writs, where he has applied for an appeal and one has been allowed him.

An order granting an appeal would be irregular if it directed the insertion into the transcript of records filed in evidence. The direction would be a superfluity.

It is the duty of the clerk, without any instruction from the court, to copy into the transcript all the evidence adduced on the trial of the case.

APPLICATION for Certiorari and Prohibition.

Relator in *propria persona*.

Respondent in *propria persona*.

The opinion of the court was delivered by

BERMUDEZ, C. J. This is an application for writs of *certiorari* and prohibition.

The relator complains that, in the course of the trial of a suit brought by him, before the Civil District Court for the parish of Orleans, for the nullity of a judgment rendered in the succession of Emily Glover, the judge *ad hoc* has, in a number of instances, which are elaborately specified, made erroneous and arbitrary rulings, and has finally decided the controversy by a judgment, unwarranted by the evidence and the law, rejecting the demand; that he has applied for a suspensive appeal, which was denied him.

The prayer is for a writ of *certiorari* directing the judge *ad hoc* to send up the record in the case, together with others, filed in evidence therein. He asks that the judge *ad hoc* be restrained from proceeding in said case until otherwise ordered by this court, and that, after hearing, all the acts complained of be declared nullities and invalidated, and that the judge *ad hoc* be ordered to proceed in the case according to law.

The judge *ad hoc* returns that the relator has applied for and has been allowed a suspensive appeal, in manner and form set forth in

the certified copy of the minutes of the court *a qua*, annexed to and made part of the answer; that it is untrue that this defendant refused plaintiff a suspensive appeal, but that defendant did refuse, in .the order for said suspensive appeal, to render further order not .germane and in no manner relevant to said motion of appeal.

The suit instituted by the relator is appealable, judging from the description given of it by him in his application for relief in this court, and from the fact that he has moved for an appeal from the judgment rendered in it.

Owing to its appealability and to the circumstance that an appeal has been asked and allowed, it is clear that the relator can not have the rulings and the judgment on the merits complained of reviewed by this court in these proceedings.

When the transcript will have been filed and the case submitted, it will become the duty of the court to consider and determine the complaints of the relator, redressing his grievances if he has sustained any.

The relator does not ask for a *mandamus* to compel the judge *ad hoc* to grant him an appeal in the form in which he says it should have been allowed.

Nevertheless, as the judge *ad hoc* has put the matter at issue, and appended to his return an extract from the minutes of the court, which shows the nature of the motion for an appeal, and the action of the judge upon it, the complaint may as well be determined.

The motion states that three original records, designated by numbers, and four printed statements or briefs filed therein, are necessary for an intelligent review of the fraudulent practices of defendant and attorneys, and that there is error to the prejudice of the mover in the final judgment rendered, dismissing the suit, and that mover desires to appeal therefrom.

On this motion the judge *ad hoc* ordered that the mover be allowed a suspensive appeal from the judgment, returnable to this court on the third Monday in March, 1892, the bond being fixed at $250.

The motion does not ask that the three records be copied in the transcript, and had it done so it would have been a surplusage, as, if they were filed in evidence, it would be the duty of the clerk to ·transcribe them.

The order of appeal granted is in the usual and proper form, and

would have been irregular had it directed the insertion of the records in the transcript.

It is therefore ordered that the application herein be refused, with costs.