The opinion of the court was delivered by
Breaux, J.
The testamentary executors and forced heirs of the late William Stewart are plaintiffs in a case against William W. Sutcliffe et al., in which they sued for and obtained a sequestration of a certain policy of insurance, No. 960, issued by the Mutual Life Insurance Company of New York.
The ease was tried and a final judgment was rendered by the respondent judge, which was signed on the 9th day of March, 1893, awarding to the defendants, Sutcliffe et al., the sum of $5000, with interest at 6 per cent, thereon, from the proceeds of the sequestered policy.
On the 17th day of March, 1893, the plaintiffs in that case took a suspensive appeal to this court, which is now pending for decision.
On the 20th of June, 1893, the defendant Sutcliffe applied to bond the property sequestered, to which the' defendant in rule objected on the grounds that a suspensive appeal in effect limits the jurisdiction of the court a qua to tests of the solvency of the surety, or to the sufficiency of the appeal bond; that an order to bond sequestered property, after final judgment has been rendered and a suspensive appeal therefrom perfected, is ultra the authority of the court a qua; that the defendant has only ten days within which he may exercise the right to bond; that the article of the code defining the conditions of the forthcoming bond preclude the idea that sequestei ed property having been converted into money the money can be bonded.
After a legal hearing the court issued an order authorizing the plaintiff to furnish a forthcoming bond in the sum of $5750.
The defendant Sutcliffe, after due notice, applied to this court for writs of certiorari and prohibition.
Remedy by Appeal.
The relator did not exhaust his remedy before applying for these writs.
He had a right of appeal, which he did not choose to exercise. *1324 DeBaillon vs. Ponsony, 5 N. S. 42; State ex rel. Taylor vs. Judge, 26 An. 65; State ex rel. Sweet vs. Judge, 35 An. 515; State ex rel. Roth vs. Judge, 37 An. 846.
The relator is therefore without right to the writ. State ex rel. Chamber vs. Kruttschnitt, Judge ad hoc, 44 An. 567; State ex rel. Street vs. Rightor, Judge, 35 An. 515; State ex rel. Weber et al. vs. Skinner, Judge, 32 An. 1092; State ex rel. Monroe, 33 An. 923; State ex rel. Hernandez vs. Monroe, 33 An. 923.
Defendant’s Right to Bond.
Moreover, waiving this view of. the case and conceding that the issues are before us on appeal, the result is the same.
The plaintiff not having availed himself of the right to bond the property after ten days subsequent to the sequestration had elapsed, the defendant was not absolutely precluded from all right to furnish a forthcoming bond.
The law authorizes the plaintiff to bond if defendant fails to bond the property within ten days.
It does not exclude the defendant from bonding when the plaintiff does not choose to exercise the right after the ten days have elapsed.
Jurisdiction.
A suspensive appeal from a final judgment and the filing of the appeal bond exhausts the jurisdiction of the court in all matters appertaining to the appeal, save questions relating to the sufficiency and solvency of the appeal bond.
• The effect of the appeal, however, does not divest the court of jurisdiction to issue an order authorizing a forthcoming bond, and thereby restore the property to commerce and to use.
This court has no authority to issue such an order; only the court of original jurisdiction has the authority to issue such an order.
The right to bond would be in abeyance during the appeal if the court a qua had no jurisdiction.
There would be a contradiction in terms.
In one case the right to bond is declared to exist throughout the trial.
In the other it would be held in suspense on appeal.
The law granting the right to furnish a forthcoming bond does not lay down any such limitations.
*1325 The rules regarding jurisdiction apply generally to the conservatory writs.
In case of the State ex rel. Leon Gerson vs. Richardson, Judge, 37 An. 261 (a case in which a writ of attachment was issued), the court held that it was possible to exercise the right to bond “ in every stage of the suit,” and no exception is suggested because of an appeal.
In that case it was also decided that the proceeds of the property takes its place and is subject to the right to bond.
The relator directs our attention to the following cases: Smelser vs. Blanchard, 15 An. 254; State ex rel. Graham, Auditor, vs. Judge, 24 An. 598; State ex rel. Dubuclet vs. Judge, 24 An. 600; State ex rel. Mahan vs. Judge, 25 An. 666; State ex rel. Gourgotte vs. Porter, 27 An. 431.
In the first case a suspensive appeal was taken from an order on a rule against the executrix to sell property for the payment of debts.
Nevertheless, pending the appeal, the clerk issued a commission to sell.
'The sale of the property was an issue ‘on appeal, which appeal superseded the power of the District Oourt to sell. The question involved was not remote from the issues, but one of the issues presented on appeal. In the second ease it was announced that when an appeal has once been taken, the consent of the parties is ineffectual to dismiss it without the action of the court.
In the third case, that of Dubuelet relator, the court held that after an appeal had been granted, the court a qua is without jurisdiction to pass upon the question whether the appeal is a nullity. Only the appellate court could pass upon the validity of the appeal.
In the fourth case, Mahan relator, the lower court assumed to sell property, the sale of which had been enjoined. The property was actually under a seizure the illegality of which was urged on appeal.
In the last case to which our attention is invited, 27 An. 431, the relator had furnished a release bond.
Without notice to him, the court a qua declared the bond not solvent and the plaintiff was permitted to bond the property.
From the last order ousting him from his possession the relator appealed.
Notwithstanding the appeal the plaintiff and appellee persisted in taking and withholding the property.
*1326 The right of the parties to bond was the issue of the case, and while pending on appeal it was ordered that the possession of the property should remain with the party who had furnished the first release bond. He was appellant.
The sum and substance of all these decisions referred to in sup - port of relators’ application is that an inferior court has no authority over any of the issues pending on appeal.
In the case at bar there is no possibility of interference by accepting a bond of release; that right — that is, the right of bonding — is not at all involved on appeal in the case at bar.
Whether the property is bonded or not bonded is of no consequence in passing upon the questions on appeal.
Neither party can thereby gain an advantage in the determination of the issues.
For reasons assigned, the provisional orders heretofore granted are rescinded and the writs asked for refused at relators’ costs.