PROVOSTY, J.
The plaintiff herein, Luzin J. Gonsoulin, filed in the court of the respondent judge the following petition:
“This the petition of Louis J. Gonsoulin, a resident of Iberia parish, with respect represents that he was the duly nominated candidate of the Democratic Party for the position of police juror for the Thii’d Ward of Iberia parish, and that conformable to law his name appeared on the official ballot voted at the general state election of Tuesday the 21st day of April, 1908.
“He shows that the opposing parties appearing on the official ballot made no nominations for the office in question, and that he alone appeared on the said official ballot as a candidate for the said position.
“Now your petitioner shows that on the day of the election a number of parties who had participated in the Democratic primaries conspired to encompass his defeat by inserting the name of Emile Decuir as an independent candidate on the official ballot, and in pursuance of this plan, to which the commissioners acting at said polls were parties, the name of Emile Decuir was written in an irregular and illegal manner, as your petitioner has reasons to believe, on the said ballot by one J’. A. Babin, who was not a commissioner and who had no right to tamper with the ballots; and that furthermore your petitioner has reasons to believe that the said Babin, acting in conjunction with the commissioners, placed a number of illegal ballots in the box, and, disregarding all legal restrictions, made returns showing a much larger number of votes than those actually cast, and failed to return to the Secretary of State and to the board of supervisors of Iberia parish a poll list as the law requires.
“Your petitioner shows that it is his purpose to contest the election of said Emile Decuir in the manner and form provided for by law, and furthermore to contest his being commissioned, and that to the end of taking evidence in support of his petition to be filed and of maintaining his contest it is necessary that an order be obtained from this honorable court directing the clerk of court in and for Iberia parish to open the box containing the ballots of the Third Ward in the presence of witnesses to be selected by the said clerk in the presence of the said Emile Decuir, if he desires to be present, to the end that your petitioner might be afforded an opportunity to search for the poll list which as aforesaid was not furnished the board of supervisors of Iberia parish nor to the Secretary of State, and to-examine the ballots with a view of ascertaining whether his information that the name of Emile Decuir was written in an irregular manner on the said ticket and in the majority of cases written by the said Babin.
“Wherefore your petitioner prays that an order be issued from this honorable court commanding J. G. Le Blanc, clerk of court, to proceed to the opening of said box, to the end hereinabove set forth, in the presence of two witnesses to be selected by him, in the presence of Emile Decuir, if he desires to be present, who was returned as elected by the commissioners of the Third Ward for the office aforesaid, and also in plaintiff’s presence, and thereupon in the presence of all parties aforesaid to reseal the box. together with all of its contents, awaiting further judicial action to be instituted by your petitioner contesting the election of the said1 Emile Decuir, as well as being commissioned in the meantime by the Governor of the state;. *614 that the hour ancl date for the opening of said box be fixed by this honorable court and due notice thereof, together with the notice of the time of place of opening of the same, be served upon the said Emile Decuir.
“And finally prays for all other necessary orders and decrees in the premises, and for general and equitable relief.”
This petition having been duly served, the respondent judge granted an order as prayed, and the parties named were duly notified as prayed. Emile Decuir, the person returned as elected, made no appearance; but the clerk of court appeared and moved that the order be set aside as having been improperly granted.
The reasons assigned by him why the order was improperly granted are that he is commanded by law, under a severe penalty, to keep this ballot box sealed for six months (sections 22, 23, 44, Act No. 152, pp. 272, 278, of 1898), and that said box cannot be ordered to be opened and its contents examined, except after suit has been instituted to contest the election, and contradictorily with the defendant in the suit.
The respondent judge denied this motion and maintained the order, and thereupon the clerk of court applied to this court for writs of certiorari,- mandamus, and prohibition to the respondent judge, and prayed that said order be set aside.
For justification of his action in granting the order ex parte, in anticipation of the filing of a suit, the learned respondent judge relies upon section 1420 of the Revised Statutes, which provides as follows:
“Either party shall have the right to proceed to take evidence relative to facts specified, or to be specified in the petition, at any time before the trial, on giving the other party one day’s notice of the time when and the place where the evidence is to be taken,” etc.'
Our learned Brother in his return says:
“As your respondent appreciates this provision of law, it has been enacted with a view’ of enabling ’ a prospective contestant to take evidence prior to the filing of -a suit, in order to determine whether he is justified in doing so or not. It is thus contemplated to avoid useless and frivolous litigation involving title to office.
“The provision of the general election law requiring the clerk to keep in his possession the ballot box for a period of six months contemplates simply that the ballot box shall be so kept in order to permit of an investigation of its contents under judicial supervision during this time.
“The refusal of your respondent to vacate the order in the premises at the instance of the clerk of court was based on the fact that in his opinion the clerk was w’ithout interest in the subject-matter and that any objection co the execution to the order of court should have emanated from the prospective contestee, upon whom service of the order was made. The contestee not objecting, it did not lie with the clerk of court to inject himself into the litigation and to take upon himself the defense of the contestee. For that reason your respondent maintained the exception of no right of action, not feeling it incumbent upon him to pass upon the validity of the order, in default of the contestee putting its validity at issue.”
We do not entirely agree with the view’ that the clerk, as custodian of the boxes, has. no standing for challenging the validity of an order requiring them to be opened and their contents examined; but we agree entirely with the view that the object and purpose of requiring the boxes and their contents to be securely kept was the very one now sought to be attained by the present order, namely, to furnish evidence as to the true state of affairs in connection with the election, and w’e agree that this investigation can just as well be made before suit, brought as after, provided it be made by order of the court in which the suit will have to be filed, and under the proper safeguards. And w’e agree with our learned Brother that the language of section 1420, that “either party shall have a right to proceed to take evidence relative to the facts to be specified in the petition,” is consistent with no other view than that the evidence in a contested election suit may be taken before, as well as after, the filing of suit.
The rule nisi herein is therefore recalled, and the present application is dismissed, at the cost of relator.