(54 South. 706.)

No. 18,690.

FOSTER et al. v. IBERIA, ST. M. & E. R. CO. et al.

In re FOSTER et al.

(March 13, 1911.)

*(Syllabus by the Court.)*

MANDAMUS (§ 57*)—IRREPARABLE INJURY—INTERLOCUTORY ORDER—DENIAL OF APPEAL.

Where a special railroad election was contested on the ground, among others, that a number of illegal voters named in the petition had voted for the tax, and thereby changed the result of the election, and the court on application ordered the ballot boxes to be opened by the custodian in the presence of witnesses and of the parties, in order that the defendants might examine the ballots in order to prepare their answer, and thereupon the plaintiffs moved for an appeal from the order, which was denied, and then applied to the Supreme Court for writs of mandamus to compel the granting of an appeal, *held*, that the mandamus should be denied, as the interlocutory order worked no irreparable injury to the plaintiffs.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 57.*]

Action by J. Warren Foster and others against the Iberia, St. Mary & Eastern Rail-road Company and others. Rule to show cause why an order should not be granted for the opening of ballot boxes was granted, and plaintiff moved for an appeal, which was denied, and thereupon applied for writs of mandamus and prohibition. Proceedings dismissed.

Caffery, Quintero, Gidiere & Brumby, R. E. Milling, and R. C. Milling, for relators. Burke & Burke and Borah & Himel, for respondents.

LAND, J. Relators have applied for writs of mandamus to the trial judge, ordering him to grant a suspensive appeal from an interlocutory order rendered in the above-entitled suit, which is one contesting the validity of a special election held on June 23, 1910, to take the sense of the property taxpayers of the Third ward, parish of St. Mary, on the question of levying a tax of five mills in favor of the Iberia, St. Mary & Eastern Railroad Company.

It appears that the defendant presented a petition to the trial judge, alleging that the plaintiff, among other averments putting at issue the legality and validity of said election, had attacked numerous votes cast therein on various grounds, and that it was necessary for the defendant to have an oyer of said ballots for the preparation of its defense, and prayed for a rule on the plaintiffs to show cause why an order should not be granted commanding the clerk of the district court to proceed with the opening of the ballot boxes for the purpose set forth, in the presence of two witnesses selected by him, and in the presence of the parties to the suit, if they should desire to be present, and to reseal said boxes, together with all their contents, in the presence of said witnesses and the parties attending. The trial judge ordered that plaintiffs show cause why the rule should not be made absolute. On exception of nonjoinder, the clerk of the

court, the sheriff, and the police jury were made parties to the rule. Plaintiffs excepted that the petition for the rule disclosed no right and no cause of action, and in their answer amplified their legal objections to the opening of said ballot boxes, and averred that their right to have said ballot boxes remain sealed and intact was well worth the sum of $2,500, and that the opening of the same as prayed for would destroy said rights and damage petitioners in said amount.

The rule was heard, and made absolute. Plaintiffs moved for an appeal to the Supreme Court, which was denied, and thereupon they instituted the present mandamus proceedings.

The judgment, so called, was an interlocutory order, and the only question for solution is whether such order works irreparable injury to the plaintiffs.

Relators argue that the order is a final judgment, and therefore an appeal will lie, citing Code of Practice, art. 565. The answer is that:

"Definitive or final judgments are such as decide all the points in controversy between the parties." Code of Practice, art. 539. "Interlocutory judgments do not decide on the merits; they are pronounced on preliminary matters, in the course of the proceedings." Id. art. 538. "One may appeal from all interlocutory judgments, when said judgment may cause him an irreparable injury." Id. art. 566.

The order in question is, therefore, clearly interlocutory. Does it work the plaintiffs irreparable injury? It is manifest that the order does not decide any *issue* presented by the petition contesting the election. No part of the petition or of its prayer was dismissed, as in State ex rel. Ikerd v. Judge, 35 La. Ann. 212. No conservatory writ was dissolved, as in State ex rel. Street v. Rightor, 35 La. Ann. 515. No receiver's account, or proceedings of a family meeting, was homologated, as in State ex rel. Hearsey v. Talbot, 36 La. Ann. 981, and in Succession of Forstall, 32 La. Ann. 97. No preliminary in-

junction was refused, as in State ex rel. Becker v. Judge, 31 La. Ann. 850. No exception of a garnishee to the right of the plaintiff to compel her to answer was overruled, as in State ex rel. Tureaud v. Parish Judge, 23 La. Ann. 717. All of these cases have been cited by counsel for relators, who also cite State ex rel. Baumgarden v. Judge, 35 La. Ann. 745. In that case the relators applied for a mandamus to compel the granting of a suspensive appeal from a decree made, directing the delivery to certain executors of a bank box, alleged to contain valuables estimated at $40,000, whereof the relators claimed to own three-fourths. The Supreme Court held that the case was one of irreparable injury, because the executors had given no bond, and, even if they had, legal steps might become necessary to enforce the alleged rights of the relators in and to the effects contained in the box. It further appeared that the succession represented by the executors had a claim to only an undivided half interest in and to said valuables.

The interlocutory order now in question was directed to a public officer, as the custodian of the ballot boxes that had been used in the special election. The object was to obtain oyer of the ballots cast by the voters, many of whom plaintiff alleged had illegally voted in favor of the special tax. The names of the alleged illegal voters and the assessed value of the property voted by them, respectively, are set forth in plaintiff's petition. This information was probably obtained by an inspection of the ballots cast in the election. Now in what manner can the plaintiff be *legally* injured by an examination of all of the ballots by the defendants, under the safeguards provided by the order of court? What legal rights of the plaintiffs were denied or abridged by the order, or can be affected by its execution? On the trial of the case, the plaintiffs, in order to prove their allegations, will be forced to call for the production of the ballot box-

es, and to offer in evidence the ballots which they allege are illegal. The only advantage that could have inured to the relators from the dismissal of the rule would have been the temporary withholding from the defendants of information as to *how* the individual taxpayers voted. Whether the withholding of this information until the trial of the case would have affected the result is a mere matter of conjecture.

The proceedings by rule in this case is on all fours with the proceedings in Gonsoulin v. Decuir, 121 La. 611, 46 South. 668, in which ballot boxes were opened and examined before suit. That case came up, not by appeal, but on application for writs of certiorari, mandamus, and prohibition.

Conceding for the sake of the argument that the order below is erroneous, the tactical advantage claimed to have been lost by the relators is too conjectural to be classed as an irreparable injury.

It is therefore ordered that the preliminary writs and orders herein issued be recalled and revoked, and the proceedings be dismissed, at the cost of the relators.