## No. 9961.

Orleans Appeal.

## TAFT MERCANTILE COMPANY v. L. A. BLOUIN COMPANY, LTD., Appellant.

(April 27, 1925, Opinion and Decree.)
(May 25, 1925, Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 222, 238, 361.**

Where the interest of plaintiff has been divested by seizure or other means, a party appealing from a judgment on a rule taken in the same proceeding to which rule plaintiff was not a party need not cause citation of appeal to be served on plaintiff.

2. **Louisiana Digst—Appeal—Par. 320.**

Where no appeal was taken from a judgment refusing to dismiss an appeal upon motion filed in the trial court upon the ground that the bond was deficient, the question of the sufficiency of the bond will not be considered by the appellate court.

Appeal from the Twenty-fourth Judicial District Court, Parish of St. Charles, Hon. L. Robert Rivarde, Judge.

Motion to Dismiss Appeal Denied.

Robert J. Perkins, attorney for plaintiff and appellee.

C. A. Buchler, attorney for defendant and appellant.

WESTERFIELD, J. The motion to dismiss the appeal is based upon the contention that the Taft Mercantile Co. was not

served with citation of appeal and upon the further ground that the amount of the bond was insufficient. The appeal was taken by petition and if the Taft Mercantile Company was interested in maintaining the judgment appealed from it should have been cited. But the appeal is taken from a judgment on a rule to which the Taft Mercantile Company was not a party, though the original plaintiff in these proceedings. The plaintiff in rule, an attorney at law, Mr. Robert J. Perkins, filed a motion herein in his own name in which the court was asked to order the Clerk of Court to pay to mover a certain amount of money alleged to be due him out of certain funds then in the possession of the Clerk. How the funds originated and why the plaintiff in the original proceeds was not made a party to the rule involve useless discussion of complicated litigation. We shall only observe that the interest of plaintiff in this suit had been seized and sold by creditors under writs of *fieri facias* and completely divested at the time this rule was taken and judgment thereon rendered.

Consequently, the Taft Mercantile Company was without interest in the judgment on the rule from which this appeal was taken and there was no necessity to serve it with citation on appeal. Katz & Barnett vs. Sorsby, 34 La. Ann. 590.

As to the second ground urged for dismissal, the insufficiency of the appeal bond, this contention formed the basis of a motion to dismiss filed in the lower court and no appeal has been taken from the judgment denying the motion to dismiss. Under the circumstances, we will not review the judgment.

Our conclusion is that the motion to dismiss must be and it is **denied.**