STATE EX REL. BARNES v. JUDGE

(March 15, 1926. Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 3; Mandamus—Par. 32.**

Appeal—not mandamus—is the proper procedure where a judgment has been rendered by the district court denying. a motion to dismiss suspensive appeal upon the ground that surety on appeal bond is not such as the law requies.

On Application for Writ of Certiorari, Mandamus and Prohibition.

Action by State Ex Rel. Marshall Barnes against . Judge, Division "C", Civil District Court, Parish of Orleans.

Writ of mandamus denied.

J. Olin Chamberlain, relator.

BELL, J.· The relator herein prays for mandamus ordering the Judge of Division "C" of the Civil District Court for the Parish of Orleans to dismiss and set aside an order for suspensive appeal previously taken from a judgment in relator's favor. The ground alleged in the rule for· dismissal taken in the District Court, in conformity with Act 112 of 1916, was to the effect that the surety company, as a foreign corporation signing the appeal bond, had not, at the time of the signing, been duly qualified as required by law. It was also alleged in the rule that the acceptance and approval by the District Court of such company as a surety upon the bond was contrary to Rule XXVIII of that court, the rule reading as follows:

"Surety Companies. Surety companies tendered as sureties in this court will not be accepted unless proper proof of their qualification, as such, is filed and offered in the archives of this court."

After due hearing, the court dismissed the rule. No appeal was taken from this order dismissing the rule. Relator's remedy was by appeal. Mandamus does not lie in such a case.

Metropolitan Bank vs. Blaise, 109 La. 92, 33 South. 95.

State ex rel. Stuart vs. Judge, 45 La. Ann. 1322, 14 South. 59.

State ex rel. Chandler vs. Kruttschnitt, 44 La. Ann. 567, 10 South. 887.

Huntington vs. Bordeaux, 42 La. Ann. 346, 7 South. 553; Walsh vs. Carrene, 36 La. Ann. 200; State of Louisiana ex rel. Street vs. Rightor, 35 La. Ann. 515; State of Louisiana ex rel. Hernandez vs. Monroe, 33 La. Ann. 923; State of Louisiana ex rel. Weber vs. Skinner, 32 La. Ann. 1092; La. Dig., Vol. 1, verbo "Appeal", Sec. 3; Taft Mercantile Co. vs. Blouin Co., Ltd., 2 La. App. 163.