146 So. 891

**CONVERSE v. DICKS.**

No. 32208.

Feb. 27, 1933.

Louis R. Hoover, of New Orleans, for relator.

William C. McLeod, of New Orleans, for respondent.

ODOM, Justice.

Plaintiff obtained judgment against Miss Ella Dicks, an interdict, for $6,235, procured the issuance of a writ of fieri facias, and by supplemental petition set out that he "had good reason to believe that Erickson Richards, curator of Miss Ella Dicks, has property or effects in his possession or under his control belonging to said defendant," and prayed that "said Erickson Richards, curator of Miss Ella Dicks, be made garnishee herein and ordered to answer under oath the accompanying interrogatories and after due and legal proceedings condemned to pay the amount of the writ and costs."

The curator excepted to the garnishment proceeding on the ground that—

"Exceptor is not a third person in this proceeding as set out in article 246 of the Code of Practice, but is in fact the representative of the interdict and defendant and not subject to garnishment process."

This exception was overruled and the cura-

tor was ordered to answer the interrogatories. He applied for a suspensive appeal, which was denied, and then applied to this court for writs of certiorari and mandamus, which were granted, and the trial judge was ordered to send up the record in the case and to show cause why the relief prayed for should not be granted.

The record is before us, together with the answer of the judge, which is as follows:

"That the relator is the curator of Miss Ella Dicks, interdict, and was made garnishee in garnishment process issued in conjunction with the execution of the writ of fieri facias against the said Miss Ella Dicks;

"That exception was filed thereto on the theory that the curator of the interdict was not a third person within the intendment of the law, but stood in the place of the interdict and was identical with her; which exception was overruled by the Court, and the curator ordered to answer.

"No answer has been filed, but the curator sought a suspensive appeal from the judgment ordering him to answer the garnishment process. This the Court refused, because the judgment ordering him to answer was a mere interlocutory decree, from which a suspensive appeal does not lie, as it cannot cause him any irreparable injury, and, in fact, can cause him no injury at all.

"Whatever suspensive appeal he might have could be had only, in the Court's judgment, after the answer had been filed by him to the garnishment process and a judgment rendered against him on the merits."

We think the suspensive appeal prayed for should have been granted. The judge in his answer says that "counsel sought a suspensive appeal from the judgment ordering him to answer the garnishment process." The judgment at which the curator levels his chief complaint is the one which overruled his exception to the garnishment proceeding taken against him. The order directing the curator to answer the interrogatories propounded to him was coupled with and was part of the judgment overruling the exception. If it be conceded that the order directing the curator to answer the garnishment process was purely interlocutory, the same cannot be said of the judgment overruling the exception to the proceeding under the particular circumstances surrounding this case. The effect of that judgment was to put an end to the curator's case. It disposed of the only defense he had and put him out of court.

Plaintiff is a judgment creditor of the interdict. He sought to seize, by garnishment process under fieri facias, the property of the interdict in the hands of the curator. The curator excepted to the proceeding on the sole ground that he was not a third party to the proceeding in the sense that term is used in articles 242, 246, and 642 of the Code of Practice. If he is not a third party, his exception was good and should have been sustained, for under the law only third persons may be made parties garnishee. The filing of the exception raised the only issue in the case. The curator had but one defense and that was that the property of the interdict in his hands as her curator was not subject to seizure by garnishment process. Therefore a ruling on the exception was a ruling on the merits. If the judge had sustained the exception, that would have put an end to plaintiff's case, and, as the amount involved exceeds $2,000, he would have had

the right to appeal to this court, but the judge overruled the exception. The effect of that ruling was to hold that the curator was a third party and therefore that the property of the interdict in his hands as curator was subject to seizure by garnishment process. That was the only point, the only issue, raised by the pleading and that issue was finally disposed of by the ruling.

The district judge says in his answer that "whatever suspensive appeal he (the curator) might have, could be had only * * * after the answer had been filed by him to the garnishment process and a judgment rendered against him on the merits."

The judgment rendered was a judgment on the merits of the case. The court having held that the property of the interdict in the hands of the curator was subject to garnishment, and having ordered the curator to answer, it follows of course that, if the curator had answered that he had property in his hands belonging to the interdict or was indebted to her, it would further hold that he must "forthwith deliver up said property, to pay such sum to the sheriff," for article 246 of the Code of Practice provides that:

"In case such third person shall confess in his answers that he has property or effects in his possession, or under his control, belonging to the defendant, or is indebted to him in any sum of money, the court shall order him forthwith to deliver up said property, to pay such sum (if the same be due) and if not, when the same shall be due,) to the sheriff."

If the curator had answered that he had property in his hands belonging to the interdict or that he was indebted to her, the only defense he could have made when ordered to deliver up the property or pay the amount was that he was not a third party, and that plea would have been vain and idle for the reason that the point had already been decided against him.

In the case of State ex rel. Mrs. A. Tureaud v. Parish Judge, 23 La. Ann. 717, paragraph 1 of the syllabus reads as follows:

"A garnishee who has taken an exception to the right of the plaintiff to require her to answer interrogatories, may appeal from the judgment overruling the exception if the amount involved is sufficient to give the appellate court jurisdiction."

The only difference between that case and this one is that there the garnishee answered that she had funds in her hands belonging to the defendant, but filed with her answers an "exception (which was reserved in the answers) to the right of the plaintiff to require her to answer the interrogatories," and there was judgment "dismissing the exception and ordering her to pay the money to the sheriff." She asked for a suspensive appeal, which was denied. The court said in the course of its opinion:

"The garnishee having denied the right of plaintiff in execution to require the interrogatories propounded to be answered, and having filed answers with a reservation of the issue thus raised, she is entitled to have the action of the judge a quo dismissing her exception and condemning her to pay, reviewed on appeal, whatever may be the real merits of her defense."

In the case at bar, the garnishee was not ordered to pay, but was ordered to answer; which, under the ruling on the exception, in

case the curator had answered that he was indebted to his ward, was tantamount to an order to pay. The issue raised by the curator was one purely of law. The trial judge erred in refusing the appeal.

For the reasons assigned, it is ordered that the preliminary writs heretofore issued be made peremptory, and the Honorable Walter L. Gleason, district judge, is ordered to grant the suspensive appeal prayed for by the curator.