LAND, J.
The plaintiff appeals from a .judgment of nonsuit. In her original petition the plaintiff claimed that a certain ■square of ground in the city of New Orleans belonged to the community formerly existing .between her and her deceased husband, Jean P. Bourdette, who died in 1898. It inferentially appears that the defendant, William Burke, inherited the property as the heir of his deceased son, Peter Burke, the grandson .and only heir of Jean P. Bourdette. The prayer of the petition is that' plaintiff be recognized as the owner of one half of the property and as usufructuary of the other half, and that the succession of the husband, including the community, and the succession •of Peter Burke, be settled and liquidated, and for general relief.
The petition alleges that the said square of .ground had been improved and enhanced in value in an amount exceeding $5,000 by the .joint labor and industry of the spouses and at their common expenses. The petition further alleges that the plaintiff since the ■death of her said husband has administered and preserved said property, paid all taxes, .and premiums of insurance,. and had with .her own funds and labor cared for, clothed, .and educated the child Peter Burke, without assistance from any one.
The petition further alleges that, if the .court should hold that her claims were incorrect or unfounded, the petitioner should be allowed the usufruct, if not for life, at least during the minority of said Peter Burke, and should also be allowed the marital fourth reserved to the widow left in necessitous circumstances. •
Defendant excepted that the petition disclosed contradictory demands and a cumulation of different causes of action, and that the allegations were too vague and indefinite to permit defendant to plead thereto, in that the date of the acquisition of the property was not stated, nor the dates and items of the alleged expenditures given. Whereupon the plaintiff filed a supplemental petition stating the alleged expenditures in detail, and also amounts expended for the account of the succession of the husband and of the minor and his deceased mother. The exceptions were thereupon maintained in so far as to order the petition to be amended by giving derivation of the title to the property. Whereupon plaintiff filed another supplemental petition, which, with the exhibits, showed that J. P. Bourdette purchased the property in question in the year 1870, about three years before his marriage with the plaintiff, for the price of $750, and that the property was sold for taxes in July, 1880, • and was during the same month redeemed by J. P. Bourdette. Defendant next filed an exception of no cause of action, which was in due course overruled.
Defendant answered, pleading the general issue, and alleging that he was no longer the owner of the property described in the petition, having long since sold the same; that he was never responsible for the alleged debts and costs of the community formerly existing between plaintiff and J. P. Bourdette, and that all of said charges, debts, and costs are prescribed; that said square was the separate property of J. P. Bourdette, and was inherited by Peter Burke, and on his death passed to the defendánt, his father and sole *481 heir; that defendant was in August, 190G, recognized as sole heir, and sent into possession of both successions by judgments of the civil district court of the parish of Orleans, duly recorded in the conveyance office; that defendant sold said property on August 18, 1906; that the plaintiff remained in continuous possession of said property from the death of her husband in 1898 to the date of said sale, August 18, 1906, a period of eight years and two months, drawing rents and revenues therefrom; that the occupancy of said property during said time was worth $25 per month, or a total of $2,450, which defendant claims in reconvention.
This suit was filed on September 14, 1906, nearly one month after said square of ground was sold, as alleged by the defendant.
On the trial plaintiff offered the two title deeds already mentioned, and the testimony of two experts, showing that the property was worth from $7,500 to $9,000. All the other evidence offered by the plaintiff to establish the debts, claims, charges, and enhanced value set forth in his petition were ruled out on the grounds, first, that they were prescribed; second, because no moneyed judgment was prayed for against the defendant as heir of J. P. Bourdette or of Peter Burke; and, third, because there is no allegation in the petition which would justify any partition of the property.
The second supplemental petition disclosed that the square of ground was the separate property of the husband. It follows that the only specific relief prayed for — that is, the recognition of plaintiff’s alleged rights as part owner and usufructuary in the property — must be denied. The subsidiary prayer that the two successions and the community be settled and liquidated is too vague and indefinite to be considered. Inferentially it appears that the community may have some claim against the estate of the husband for improvements placed on his separate property. But such a demand is inconsistent with the special relief prayed for, and there is no prayer for a personal judgment against the defendant as heir. We think that the exception of inconsistent and contradictory demands should have been sustained and also the exception of no cause of action, quoad the demand to be recognized as owner and usufructuary. This was the practical result of the rulings on the trial on the merits. If plaintiff had any cause of action on the contradictory allegations of her three petitions with the exhibits annexed, it was one in personam against the defendant as heir of the heir of the husband.
Judgment affirmed.