(52 South. 497.)

No. 17,796.

Succession of BOURDETTE et al.

(April 11, 1910.  Rehearing Denied May 9, 1910.)

*(Syllabus by the Court.)*

1. DISMISSAL OF ACTION.

Plaintiff's suit was dismissed by the sustaining by the court of defendant's exception to its want of jurisdiction.  That judgment on appeal is affirmed.

2. VENUE (§ 6*) — JURISDICTION — ACTION AGAINST HEIR—RECOVERY OF DEBTS DUE BY DECEASED.

The only issue left to be disposed of after the decision in Bourdette v. Burke, 119 La. 478, 44 South. 270, was the amount (if any) of money due by the defendant William Burke to the widow in community of J. P. Bourdette. The trial court properly held that that issue should be disposed of by the court of the defendant's residence.

[Ed. Note.—For other cases, see Venue, Dec. Dig. § 6.*]

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

In the matter of the succession of Jean P. Bourdette and Peter Burke.  Action by Jean P. Bourdette against William Burke.  Judgment for defendant, and plaintiff appeals.  Affirmed.

Albert Voorhies, for appellant.  Pierson, Walton & Pierson, for appellee.

Statement of the Case.

NICHOLLS, J.  Plaintiff, the widow of J. P. Bourdette, alleged that in the year 1873 she married Jean Pierre Bourdette, who died in this city June 11, 1898, leaving as his sole heir their infant grandchild, Peter Burke. Neither his succession nor the community of acquêts and gains has ever been liquidated or settled, either judicially or otherwise.  The said infant heir died August 1, 1906, nor has his succession been ever liquidated and settled.  The sole heir of said Peter Burke is his father, William Burke, of this city, lately removed to the parish of Jefferson.

He has been recognized as the sole heir of both said deceased, but has never been put in possession of the properties of said estate, nor has he ever attempted to ask petitioner who, as widow in community and as acting tutrix aforesaid, has had full, continuous, and uninterrupted possession, and has in the meantime paid the following debts due by both the said deceased, to wit:

(1) All the state and municipal taxes assessed on square within Short, Fern, Colopissa, and Washington streets, in this city, since the death of J. P. Bourdette June 11, 1898, up to the present time, $320.

(2) All the insurance premiums during that time in the name of the deceased, $250.

(3) Burial expenses of J. P. Bourdette, paid C. Betz, $64.

(4) Physician's bill during last illness of her husband, Dr. Mercier, $20.

(5) Grave digger, M. Dunn, $5.

(6) Funeral and services of J. P. Bourdette, deceased, $55.

(7) Nurse's bill, Eugenie Crozat, from April 1, to June 11, 1898, $225.

(8) Funeral of Peter Burke, $35.

(9) Nurse's bill for Peter Burke, $60.

(10) Education and expenses of clothing, board, etc., of Peter Burke during aforesaid eight years, $320.

Making an aggregate of $1,354 of privileged debts due by the succession of Jean P. Bourdette and Peter Burke, and also by the community heretofore existing between petitioner and said J. P. Bourdette, and what she is entitled to recover by legal subrogation from said successions and community as privileged claims of said square of property against said succession of community.

Furthermore, should said square of property be held to be the separate estate of said J. P. Bourdette, then the community is the creditor of said estate for the construction, buildings, and improvements put thereon during marriage upon said property, which was a marsh when the spouse took possession to build up a home, reclaimed and highly improved the same, so that the enhanced value at the date of his death was in excess of $5,000, for one-half of which the community is the creditor of his estate.

In this connection the sum of $300 inherited by petitioner from her parents were turned over to him to assist in reclaiming and improving said property, for which amount she is a creditor of her husband's estate. The aforesaid debts, liabilities, and obligations form an integral part of the aforesaid succession and also of said community which it is time now to liquidate and settle in due course.

In view of the premises, petitioner prayed that William Burke be cited, and that petitioner do have a judgment against him in his capacity of sole heir of Jean P. Bourdette and Peter Burke; that their succession be duly inventoried and settled, including the said community which is an integral part thereof, and which petitioner has accepted; that the amount of the community be fixed in due course and petitioner recognized as entitled to one-half of net amount thereof; that she be recognized as a creditor of said estates for the aforesaid aggregate sum of $1,354, plus the sum of $300. But, should the aforesaid amount be denied her, then, as she would be left in destitute circumstances, that she be allowed the widow's portion of $1,000, and that her demands be recognized as privileged claims on the whole estates of said Jean P. Bourdette and Peter Burke, and community prayed for general relief and in duty bound, etc.

Defendant excepted to the jurisdiction of the court ratione personæ. Under reservation of this exception, he further excepted:

First. That this proceeding is incorrectly styled and titled "Succession of Jean P. Bourdette and Peter Burke," and is a direct suit by the plaintiff widow, Jean P. Bourdette, against exceptor as defendant, and that the succession of Jean P. Bourdette and of Peter Burke have been opened and closed under No. 80,100 of the docket of the civil district court for this parish.

Second. That plaintiff's petition is vague and indefinite and fails to give the dates on which the alleged claims or charges were paid, and fails to itemize and detail the said alleged claims and expenses, and that exceptor cannot safely plead or answer until the dates of payment of the alleged claims and expenses are given, and until the said claims are itemized and detailed.

Third. That all of plaintiff's alleged claims and charges are prescribed by the prescription of one, three, five, and ten years.

Fourth. That plaintiff's suit discloses no cause or right of action.

Fifth. That, in so far as plaintiff's suit seeks to have the real property described in her petition declared part of the community existing between herself and her late deceased husband, exceptor pleads as res judicata the final judgment in the case of Widow Jean P. Bourdette v. William Burke, No. 83,323 of the docket of the civil district court for the parish of Orleans.

In view of the premises, exceptor prayed that these exceptions be maintained, and that plaintiff's suit be dismissed at plaintiff's costs.

Plaintiff moved for, and was granted, permission to amend her original petition, but the amendment does not appear in the record. On June 15, 1909, judgment was rendered maintaining the exception of want of jurisdiction and dismissing plaintiff's suit.

On the trial of the exceptions, plaintiff in

the present suit offered and introduced in evidence the petition of William Burke in suit No. 80,100 in the civil district court, parish of Orleans, Succession of J. P. Bourdette v. Burke, and particularly the declaration therein that he was of the parish of Orleans at the time of the institution of the suit.

It was admitted that William Burke, defendant in the present suit, sold an undivided half of a certain square of ground situated in the Seventh district of this city, being square No. 457, bounded by Fern, Fig, Short, and Colopissa streets, the said sale having been made by act passed before Fred. Deibel, notary public, on the 18th of August, 1906, to William Mitchell, and that he sold the other half of said square by act before the same notary on September 7, 1906, to William Mitchell, and that in both of the aforesaid acts he is represented as being a resident of the city of New Orleans.

Counsel for William Burke filed in evidence record of suit in civil district court for the parish of Orleans, No. 80,100 entitled "Succession of Jean P. Bourdette and Peter Burke" and specially the judgments therein, the first one having been rendered on the 15th of August, 1906, and the other having been rendered August 31, 1906, recognizing and sending into possession the defendant William Burke as the sole heir of the deceased child, Peter Burke, which judgment specially described the square of ground involved in this litigation.

### Opinion.

The district court having sustained defendant's exception to its jurisdiction and dismissed plaintiff's demand, the only question submitted to us for decision is whether that exception was properly sustained or not. The only matter passed upon in the district court is in regard to its authority to act at all on plaintiff's demand. It has refused to do so. We are of opinion that at the time of the institution of this suit the defendant was a resident of the parish of Jefferson. It does not necessarily result from that fact that plaintiff's suit should be dismissed. We must presume that a community of acquêts and gains existed between J. P. Bourdette and his wife—existed independently of the question whether particular property standing in his name on the conveyance records belonged to him individually and separately, or whether it belonged to the community of acquêts and gains which existed between himself and his wife.

If such community existed, the widow became on his death under the law of 1884 usufructuary of his share of the community property.

The plaintiff in this suit sets up the existence of such a community, and asserts that it has never been settled or liquidated, and that she has a legal interest in having this done. She urges that the defendant is the proper person contradictorily with whom she should proceed to liquidate and settle it, and that the civil district court is the proper tribunal before which this settlement and liquidation should be made. The real estate referred to is not specifically alleged in the petition as belonging to the community or to the husband separately. She evidently desires to raise an issue as to that fact. In dealing with the petition in this case, we must consider that feature of it which looks to a settlement and a liquidation of the community in connection with it as being simply a demand personally for sums of money. If the demand is to be held as an ordinary personal suit against defendant for sums of money, the judgment appealed from is correct.

The evidence taken on trial of the exception to the jurisdiction shows that J. P. Bourdette died about 1898, shows that the only issue of the marriage between J. P. Bourdette and the plaintiff was a daughter named Amelia Bourdette, who married the defendant,

William Burke, on the 12th of June, 1890. That Amelia Bourdette, wife of William Burke, died leaving as her sole heir a child Peter Burke, who died on August 1, 1906, at the age of 15 years, leaving his father, the defendant, Wm. Burke, as his sole heir.

On August 13, 1906, the defendant filed a petition in the civil district court (in the matter bearing the number 80,100 on its docket), in which, after reciting the above facts, he alleged that he was desirous of being sent into possession of his said son's estate inherited by his said son from his grandfather, J. P. Bourdette; that he desired to be recognized as the sole heir of his said son purely, simply, and unconditionally; that the said succession owed no debts and no administration was necessary; that the property of this estate consisting solely of an undivided half of 24 lots (which he described) worth but the sum of $3,000, and said property had always borne its just proportion of the inheritance therein, and therefore was not subject to the inheritance laws of Louisiana. He prayed that he be recognized as the only heir of said son Peter Burke, and as such sent into possession of the said property. Judgment was rendered according to the prayer of this petition on August 15, 1906.

On August 29, 1906, he filed a supplemental and amended petition, in which he again recited the same facts as those recited in his original petition, and prayed for judgment placing him in possession of the other half of said described property as heir of his said son.

Judgment was rendered in his favor as prayed for.

The defendant subsequently sold the whole of the said property to one William Mitchell in the year 1906. Both of the petitions of the defendant asking to be recognized as heir of his son and to be placed in possession of his estate were acted upon ex parte. The widow of J. P. Bourdette was ignored in the proceedings as having any interest in the premises.

The case was submitted to the court for decision without argument. In the brief filed in this court on behalf of the appellee, counsel call our attention to the decision rendered by this court in 119 La. 478, 44 South. 270, in the matter bearing the title Bourdette v. Burke, in which the same plaintiff's demand was dismissed as of nonsuit. Counsel cull from that decision the following extract:

"The second supplemental petition disclosed that the square of ground was the separate property of the husband. It follows that the only specific relief prayed for—that is, the recognition of plaintiff's alleged rights as part owner and usufructuary in the property—must be denied. * * *

"We think that the exception of inconsistent and contradictory demands should have been sustained, and also the exception of no cause of action quoad the demand to be recognized as owner and usufructuary. * * * If the plaintiff had any cause of action, * * * it was one in personam against the defendant as heir of the heir of her husband." Bourdette v. Burke (No. 16,585, Supreme Court Docket) 119 La. 478–482, 44 South. 270.

The petition in this case appears to contain the same allegations that the original petition in the case cited contained, but omits the supplemental petition. A rehearing was applied for in the former case and refused on June 28, 1907. The present suit was filed July 5, 1907.

In a delayed brief filed on behalf of the appellant, it is contended: That the object of the present suit is to have the succession of J. P. Bourdette and the community between him and his widow and also the succession of the grandchild Peter Burke liquidated and settled. That neither have as yet been settled and liquidated. That William Burke had caused himself several years after the death of the parties by strictly ex parte proceedings to be recognized as sole heir of his deceased child, but he had never in fact been put in possession. That in the meantime, and for consecutive years, the widow

remained in possession of the whole estates of her deceased husband and grandchild, and had administered the same, paying debts, taxes, and insurance, and taking care of the grandchild, who had been abandoned by his father, until his (the boy's) death. That she had had him educated and had paid heavy expenses of funeral, doctor's bills, nurse's expenses, etc., as she had previously done for the estate of her husband. That, when this suit for settlement and liquidation of the two estates was made and before, one Peter Hecker, a transferee of the property referred to by two acts of sale had brought suit for possession claiming title to the real estate, and had had that property sequestered. That the widow had bonded the sequestration, whereupon Hecker claimed a right to bond by preference, because the widow had lost her right to bond by exercising her right to do so too tardily, and had succeeded in bonding the property on appeal to the Supreme Court. Hecker v. Bourdette, 121 La. 467, 46 South. 575. So that the two estates were still remaining in gremio legis, the possession of the widow and grandmother having given way through the sequestration bond to await the final action of the court in the matter of Hecker v. Widow J. P. Bourdette. That in the meantime and at present William Burke had never taken possession, and was simply figuring as the recognized heir of his son waiting developments in the issues between Hecker and the widow. That he had presently to meet the issues in the civil district court involving the settlement and liquidation of the two successions and the community and the fixing of the respective rights of the husband, the widow, and the grandchild in these two successions. Referring to the exception of res judicata advanced by Wm. Burke, appellant urges that res judicata cannot be pretended when the judgment invoked as such was one of nonsuit.

We are of the opinion that the judgment appealed from is correct, and that the district court for the parish of Jefferson is the proper tribunal to which the widow must have recourse. The judgment appealed from is hereby affirmed.